HEIDENHEIMER BROS. v. J. H. BRENT ET AL.

(Case No. 4863.)

1. SURETIES ON SHERIFF'S BOND.— To charge the sureties on a sheriff's bond, the act complained of must not only be such as might be rightfully done by the sheriff as such, but which was actually done by him as sheriff under a claim of right to do it in his official capacity.

2. SAME.— To render the sureties of a sheriff responsible for money received, it must be shown that it came into his hands as sheriff by virtue of some process or lawful authority, and that he then failed to pay it over.

3. SAME.— See statement of case for facts pleaded held insufficient, on exception, to render liable the sureties on the official bond of a sheriff.

APPEAL from Navarro. Tried below before John Q. Rice, Esq., special judge.

On the 3d of February, 1874, this suit was instituted against J. H. Brent, former sheriff of Navarro county, and against appellees, sureties on his official bond. The object of this suit was to recover of Brent and his sureties judgment for $650. The facts on which plaintiffs relied for their recovery were stated substantially as follows in the petition:

On the 12th day of August, 1872, Brent was appointed sheriff of Navarro county, gave bond with appellees his sureties, and entered upon the discharge of the duties of this office; that on 21st September, 1872, Brent, as sheriff, seized and sold, in cause No. 1133, wherein these plaintiffs were plaintiffs and F. Gonzales and others defendants, certain property of F. Gonzales, " and he, James Brent, received the money therefor."

That at the December term of the district court of Navarro county, in cause No. 1133, Heidenheimer Bros. v. F. Gonzales, defendant, and Hohorst Furenfels and A. Zadeck, intervenors, it was adjudged by the court "that plaintiffs recover of F. Gonzales the sum of $650; that intervenors take nothing by their suit, and that J. H. Brent, former sheriff of Navarro county, pay over to plaintiffs the said sum of $650 out of the money realized by the sale of goods attached in this suit;" that Brent failed and refused to pay over the $650, and plaintiffs' judgment is wholly unsatisfied; that said money came into Brent's hands after the execution and approval of Brent's bond, and while Brent was acting sheriff; that the refusal of Brent and appellees to pay over the money was a wilful breach of the bond. Judgment by default was taken, which was reversed on appeal for defective service. On December 20, 1881, appellees answered by general demurrer, special exceptions

and special answers. The court sustained appellees' special exceptions. The plaintiffs declining to further amend, judgment was rendered against them, from which they prosecuted this appeal and assign errors.

*Simpkins, Simpkins & Neblett,* for appellant, cited Drake on Attachment, secs. 290–299, 309; Probst *v.* Skillen, 16 Ohio St., 80; King *v.* Nichols, 129 Mass., 143; Sanford *v.* Boring, 12 Cal., 541; 30 La. Ann., 299; 6 Mo. App., 277.

*Frost, Barry & Lee,* for appellees.

WEST, ASSOCIATE JUSTICE.— The suit was dismissed as to the sheriff, and prosecuted against his sureties alone. The special exceptions of appellees filed, both to the original and amended pleadings of appellants, point to the fact that these pleadings fail to show that the money sought to be recovered of them, as sureties of the sheriff, ever came into his hands by virtue of any process or precept lawfully directed to him. They object to the pleadings of the appellants, because they do not show that the money sought to be recovered was ever received by their principal in his official capacity, and by virtue of his office as sheriff, and in the due and usual discharge of his duty as such officer.

These exceptions are well taken. Under the facts disclosed, it is not clearly and specifically averred, taking all the allegations together, that the appellants did not consent to the private and unofficial disposition by sale of the attached goods that the sheriff is alleged to have made. On the contrary, the fact that the appellants are now seeking in this action to recover a portion of the proceeds of that sale, would seem to indicate that they had originally authorized it, or afterwards ratified it.

But whether that be so or not is not material; the sale was not made by virtue of any order, writ or process of the court, or by its authority. Under the terms of the bond, the appellees cannot be held responsible.

The liabilities of sureties are *strictissimi juris,* and cannot be extended by construction. To charge the sureties on a sheriff's bond, the act complained of must not only be one which he might rightfully do as sheriff, but which must be actually done by him as sheriff, under a claim of right to do the act as such officer. It must be a violation of the conditions of his bond.

The mere fact that the sheriff had the money in question in his

possession is not enough to bind his sureties. It must also appear that it came into the hands of the sheriff by virtue of some process or lawful authority, and that he then failed to pay it over. Hamilton v. Ward, 4 Tex., 356; State v. Long, 8 Iredell (Law), N. C., 415; Schloss v. White, 16 Cal., 65; People v. Pennock, 60 N. Y., 421.

The facts on which this action is based are set forth in the pleadings, and are not such as to make the sureties of the sheriff liable.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 5, 1883.]