ESAU KING v. E. E. BERRYMAN.

Delivered February 20, 1897.

**1.　Charge of Court—Trespass to Try Title—Pleading and Proof.**

Plaintiff sued in trespass to try title for certain premises and defendant pleaded a verbal lease of the premises for one year from plaintiff, the consideration therefor being $80 cash, and one-third of the corn and one-fourth of the cotton raised on the premises. The evidence showed that the premises consisted partly of garden land, and that the $80 was considered as rent of that part only. Held, that there was no conflict between the allegations and proof, and that the court's charge did not err, as submitting a case not made by the pleading, in following the evidence in its statement of the terms of the lease.

**2.　Same—Construction.**

In such case a charge allowing the plaintiff damages if defendant had "used his possession of the premises to injure and damage the same," was not subject to the construction that it excluded from consideration plaintiff's claim for the destruction of plank and fence posts on the premises.

**3.　Same—Same.**

Plaintiff pleaded as an item of damages that defendant failed to properly cultivate the land, which was thereby damaged by the growth of "weeds and grass" thereon, and the charge submitted the item as one for damages if defendant failed to cultivate the land and it was damaged by the growth of "weeds." Held, that there was no material error.

**4. Trespass to Try Title—Tender of Rents—Judgment Against Plaintiff for Costs.**

Where defendant. in trespass to try title, pleaded not guilty, and also pleaded and proved a lease of the premises from plaintiff, and that he was not in default as to rent, and the plaintiff while given judgment for the land, was denied any damages (other than the rent) the costs were properly, by the verdict and judgment, charged against plaintiff.

ERROR from Dallas.    Tried below before Hon. EDWARD GRAY.

*W. T. Strange*, for plaintiff in error.—Where the plaintiff sues for the possession of land and the defendant pleads "not guilty," if the plaintiff recovers the land he is entitled to a judgment for the costs of court.    King v. Bock, 80 Texas, 156, 167; Dutton v. Thompson, 85 Texas, 115, 120.

*McCormick & Spence*, for defendant in error.—The court did not err in adjudging the costs against the plaintiff and his bondmen, because the jury found that the plaintiff had no cause of action against the defendant when he brought the suit, and that defendant was in no wise in default when the suit was brought, nor at any time thereafter.    Railway v. Whitaker, 68 Texas, 630; Ogden v. Bosse, 86 Texas, 343; Cook v. Avery, 147 U. S., 375; Rev. Stats., art. 1438; Sayles' Civ. Stats., sec. 1434.

FINLEY, ASSOCIATE JUSTICE.—*Statement.*—Plaintiff in error, E. Kent, who was plaintiff below, filed his original petition on January 2, 1894, against E. E. Berryman and Edward Wilson.    Plaintiff sued in trespass to try title for 45 acres of land near Dallas, Texas; a writ of sequestration was issued, and the defendant Berryman replevied the land. On January 17, 1894, a disclaimer was filed by Edward Wilson.

On February 19, 1895, plaintiff filed his second amended original petition.    In this he alleged that on January 1, 1894, he was the owner and in possession of seven certain tracts of land, which aggregated 45 acres, and that the defendants, on January 1, 1894, had ejected him therefrom, and that the defendant Berryman had retained possession thereof during the year 1894.    The tracts of land were described in detail.    Plaintiff alleged that the rents and profits of the land for 1894 were worth $420, being $105 for the first and second tracts, $120 for the third and seventh tracts, and $200 for the fourth, fifth and sixth tracts.

"Plaintiff further alleges and charges it to be a fact that all of said lands were fenced and in cultivation, upon which there are four dwelling houses and orchards; that the defendant, while in possession of the above described property, during said year 1894, destroyed and damaged said land and improvements thereon, as follows,  *  *  *  defendant broke out the windows in the houses thereon, and burned down the fences thereon, to plaintiff's damage $25.    Defendants turned their stock in on the orchard and destroyed the fruit trees therein, of the value

of $50; burned up two thousand feet of lumber, of the value of $25; three hundred cedar posts and one hundred oak posts, of the value of $25; tore down the fences around the place, to plaintiff's damage in the sum of $25; and broke out four window lights and sash, of the value of $8; and failed to cultivate the land, and let same grow up in weeds and grass, which damaged plaintiff $100; cut the shade trees up so they died, which were of the value of $15; broke glass off of lightning rods, of the value of $5; and failed to cultivate the land and let same grow up in weeds, to plaintiff's damage $100."

Plaintiff prayed for judgment for the possession of the premises, for the value of the rent, etc., $420, and the damages, $508, for costs, etc.

Defendant Berryman filed his first amended original answer on May 12, 1894. This consisted of various exceptions, which were not insisted upon, a general denial, plea of not guilty, and a special plea that he had rented the land sued for by plaintiff for the year 1894, agreeing to pay $80 on January 1, 1894, and one-third the corn and one-fourth the cotton to be raised in 1894 by said defendant upon said leased premises; that defendant had tendered the $80 when it was due, and was ready and willing to pay the rents in kind when they became due.

Plaintiff, on February 23, 1895, filed a first supplemental petition denying the truth of Berryman's plea of a lease.

The case was tried May 8, 1895. The defendant Edward Wilson having died, plaintiff dismissed as to him. The court charged the jury to find the land for plaintiff; upon the other issues submitted the jury returned a verdict for E. Kent, under the lease, for $141.79, but the costs of court were adjudged against plaintiff. Plaintiff filed a motion to reform the judgment so as to tax costs against defendant Berryman, which was overruled; as was also his motion for new trial. Plaintiff filed his petition for writ of error and bond on April 25, 1896, and brings the case to this court.

*Conclusions of Fact.*—1. The evidence was sufficient for the jury to reach the conclusion that plaintiff had leased the land to defendant Berryman for the year 1894, for $80 cash, and one-third of the corn and one-fourth of the cotton to be raised on the premises. The $80 was the consideration to be paid for the garden land, and the one-third of the corn and one-fourth of the cotton to be raised, applied to the other land in cultivation.

2. Upon the issue of damage to the land and property upon it, the evidence was conflicting, and the jury were justified in finding that such damages were not established.

3. The amount of the verdict covered the amount of rent due for the premises.

4. The defendant tendered the rent due, before, and at the time of the trial, and was not in default.

*Conclusions of Law.*—The first, third and fourth assignments of

error are presented together, and are as follows: First. "The court erred in its charge to the jury in assuming that all the land described in plaintiff's petition was either garden land or bottom land, and in assuming in its charge to the jury that in case there was a lease, plaintiff was entitled to nothing for the use of the six acres of land upon which there was an orchard and the houses thereon situated."

"Third. The court erred in its charge with reference to what the recovery should be in case the jury found there was a lease contract, the charge not being in compliance with the terms of defendant's pleadings, and the defendant not having pleaded the $80 was rent for the garden land, but having pleaded that $80 was to be paid as a part of the rent on the whole tract."

"Fourth. The court erred in charging the jury as follows: 'If, on the other hand you find, as is contended by defendant, that the plaintiff rented said premises to him, defendant, for the year 1894 for $80 for the garden land, and one-third of the corn and one-fourth of the cotton to be raised on the bottom land, then, in such event, you will find for plaintiff said sum of $80 for the rent of the garden land, and for the value of one-third of the corn and one-fourth of the cotton raised by Berryman on said premises for the year 1894, without interest.'"

The first proposition urged is: "The court in its charge to the jury must confine itself to the case made by the pleadings, and it is error for it to charge upon a case not pleaded."

The defendant pleaded that under a valid lease of the premises he became the tenant of plaintiff for said premises, and "this defendant in consideration of said lease agreed and promised to pay to plaintiff the sum of $80 on January 1, 1894, and also one-third of the corn and one-fourth of the cotton to be raised by this defendant upon said leased premises, payment in kind to be made at the maturity of said crops which this defendant agreed to raise upon said rented premises."

The defendant testified in no way at variance with this allegation. His testimony was as follows: "I told him (plaintiff) that I would like to stay on the farm for the next year, and that I wanted the entire farm. He said—'All right, you have been with me for two years, and you are the best tenant I ever had, and you can have the farm for the next year if you want it.' We then talked about the terms. I told him I would give him $80 for the eight acres of garden land, and one-third of the corn and one-fourth of the cotton to be raised on the place; that these would be the rents for the entire place. He said, 'All, right, he wanted me to stay,' and told me to go ahead with my crops. The $80 for garden patch was to be paid on the first of the year, so I went on home and went to work."

The plaintiff denied making the lease. The court instructed the jury as to what their verdict should be in case they found that defendant Berryman had no lease on the land; and then, in conformity with the pleadings and the evidence, further instructed the jury: "If, on the other hand you find, as is contended by defendant, that the plaintiff

rented said premises to him, defendant, for the year 1894 for $80 for the garden land, and one-third of the corn and one-fourth of the cotton to be raised on the land, then, in such event, you will find for plaintiff said sum of $80 for the rent of the garden land, and for the value of one-third of the corn and one-fourth of the cotton raised by Berryman on said premises for the year 1894, without interest."

The evidence as to the terms of the lease did not conflict with the allegations made by the defendant, and the court did not err in submitting the terms of the lease as disclosed by the evidence. The allegations were, in effect, that the premises were leased for the consideration of $80 cash, and one-third of the corn and one-fourth of the cotton to be raised during that year upon the land. The proof showed that the $80 cash and one third of the corn and one-fourth of the cotton raised upon the premises were to be paid as rent, and that the $80 cash was applicable and considered the rent for the garden land, and that the shares in the corn and cotton raised on the land applied to the balance of the land. There being no conflict between the pleadings and the evidence, the court did not err in following the evidence in making a statement of the terms of the lease.

It is also urged that the court erred in charging the jury as follows: "Regardless of how you find on the above issues, if you further find and believe from the evidence, that the defendant made use of his possession of plaintiff's premises for the year 1894 to injure and damage the same, or that he, through his own fault, failed and neglected to properly cultivate said lands, and in consequence of such failure to so cultivate said lands they were damaged by weeds, then, and in either or both these events, you will find for plaintiff such sum as damages as will reasonably compensate him for such injury; otherwise, find for defendant on plaintiff's claim for damages."

It is claimed that this charge of the court excluded from the consideration of the jury the damages claimed for the destruction of plank and fence posts.

The suit of plaintiff is in the simple form of trespass to try title and for damages to the land and improvements thereon. It was not a suit for the recovery of damages for the destruction of personal property, as detached from the realty, and the evidence itself did not show that such property was not connected with the land so as to come within the meaning of the expression "improvements thereon." The charge of the court permitted the recovery of damages to the premises, and it was in conformity with the pleadings of the plaintiff. The charge was: "If you further find and believe from the evidence that the defendant made use of his possession of the plaintiff's premises for the year 1894 to injure and damage the same, then you will find for plaintiff such sum as damages as will reasonably compensate him for such injury * * *."

This charge properly applied to the evidence and issues made by the pleadings, authorized the jury to consider the destruction of the plank and fence posts as part of the damages; and we see no reason to doubt

that they gave such construction to the charge. The fact that the verdict does not show a recovery for such damages, does not furnish proof that the issue was not considered, for the reason that there was a conflict in the evidence as to whether any such damage had been committed.

It is also urged that the court erred in the charge in eliminating the issue of damages by allowing grass to grow upon the land; the charge of the court using the word "weeds" and leaving out "grass." We think this criticism on the charge is without merit. The allegation was, that the defendant had not properly cultivated the land and it was allowed to become damaged by weeds and grass growing thereon. The charge of the court was, in effect, that if the defendant failed to properly cultivate the land and allowed it to become damaged by weeds growing upon it, plaintiff would be entitled to recover such damage. The jury in considering this issue would hardly exclude damages accruing by reason of grass growing upon the land merely for the reason that the court used the term weeds, and left out grass. In considering a technical error, such as this in the charge, it is proper to consider the jury as being composed of men of practical common sense, and a judgment should not be reversed upon a technical error which would have no effect upon such a class of jurors.

It is also urged that the court erred in adjudging the costs of suit against plaintiff. The defendant held possession of the land, as he claimed, by reason of a lease from the plaintiff for the year 1894. The verdict of the jury established the validity of this claim. While he plead not guilty, he specially pleaded his lease, and under this state of the pleadings, his plea of not guilty operated merely as a general denial, he being bound by his special plea upon which was based his right to the possession. No damages were recovered of him, and he was not in default as to the rent due upon the premises, he having tendered to plaintiff the rent before the trial, as well as at the time of the trial. Under such a state of circumstances, the court did not err in adjudging the costs of suit against the plaintiff. Rev. Stats., art. 1438; Railway v. Whitaker, 68 Texas, 630; Ogden v. Bosse, 86 Texas, 343.

We find no error in the judgment, and it is therefore affirmed.

*Affirmed.*