HENDERSON COUNTY v. M. E. RICHARDSON ET AL.

Delivered March 20, 1897.

**1. Official Bonds—Liability of Sureties—County Judge—School Fund.**
The sureties on the official bond of a county judge are not liable for his misappropriation of the proceeds of county school lands sold by him under authority and order of the Commissioners Court made and given after the execution of the bonds.

**2. Same—Report of Moneys—Statute Construed.**
Article 846, Rev. Stats., 1895, requiring all officers who collect money belonging to a county to report the same in writing to the county clerk, relates merely to moneys collected by officers in their official capacity, and does not render the sureties on an official bond liable for moneys collected by the officer not acting in his official capacity.

APPEAL from Henderson.   Tried below before Hon. J. R. BURNETT.

*Paul Jones* and *Thos. B. Greenwood & Son*, for appellant.

*Bishop & Eustace, J. N. Starr, Jno. S. Jones, Faulk & Faulk* and *Richardson, Watkins & Miller*, for appellees.—1. Sureties on an official bond are only liable for a failure to perform those duties prescribed by statute, and it is no part of the duty of a county judge to collect money on county school lands. Warswick v. State, 35 S. W. Rep., 386; Rev. Stats., arts. 1124, 1125 (1895); Brown v. Sneed, 77 Texas, 476; Heidenheimer v. Brent, 59 Texas, 533; United States

v. Singer, 15 Wall., 11; State v. Bolin, 19 S. W. Rep., 650; Denio v. State, 60 Miss., 949.

2. Article 846, Revised Statutes (1895), only requires the report of such sums of money as came into the hands of an officer in his official capacity, and in what capacity it came. Warswick v. State, 35 S. W. Rep., 386; Murf. on Off. Bonds, 710, 711; Ryan v. Morton, 65 Texas, 258; McRea v. McWilliams, 58 Texas, 328.

3. No official, except the county treasurer, has the right to the custody of the public school funds of said county. Rev. Stats., arts. 2468, 926, 929, 4271; Jackson County v. Simmons, 63 Texas, 430; Kempner v. Galveston County, 73 Texas, 216; Burk v. Galveston County, 76 Texas, 267.

4. An agent appointed by the commissioners court, to sell county school lands acts only in his private and personal capacity, and such agent may be a man, woman, corporation, or association of such, and his duties can in no way be blended with the duties of any county office. Gresham v. Galveston County, 36 S. W. Rep., 796.

5. Bondsmen are not liable for new duties not germane or incident to the office. Kirkpatrick v. United States, 9 Wheat., 199; Gansen v. United States, 97 U. S., 584.

The appellant's second assignment of error embraces the same errors complained of in the first assignment.

Appellees respectfully pray the court that this cause be affirmed.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by Henderson County against appellees, who were sureties on the official bonds of W. R. Dickerson, county judge of said county. There were two separate bonds, the condition of one being, in effect, that he would faithfully discharge his duties and pay over all moneys to the proper authorities that might be collected by him as county judge; the condition of the other was as prescribed in article 3737, Sayles' Statutes, for the faithful performance of his duties.

The allegations of the petition show that by virtue of an order passed by the Commissioners Court, W. R. Dickerson, then county judge of Henderson County, was appointed by said Commissioners Court to sell certain school lands belonging to said county, and by virtue of said appointment he sold said lands and collected moneys therefor, amounting to $2000, at different times, which moneys he had failed to pay over to the proper authorities of said county.

Exceptions were made to said petition, the grounds of exception being substantially, that such moneys were not received by W. R. Dickerson in his official capacity as county judge, and his sureties, therefore, were not liable upon said bonds. This exception to the petition was sustained. Plaintiff failed to amend, and the cause was dismissed, and judgment rendered for appellees sureties, from which judgment this appeal is taken.

The sole question on this appeal arises, whether or not under the cir-

cumstances as stated, the sureties were liable on the bonds for the default of the county judge. The contention of appellant is that the sureties on the county judge's bonds are responsible for any moneys collected by him from any source whatever which he fails to properly account for.

It is conceded that the county treasurer was the legal custodian of this fund. There is no statute to which we have been cited, or which we have been able to find, which makes the county judge custodian of the school fund, or makes it his official duty to receive the same. As county judge, he was not authorized to sell the lands in question and to receive pay therefor. He was only authorized to do so by reason of the authority given him by the commissioners court, and that authority could have been given as well to a private citizen as to the county judge. The obligations of the sureties on the official bond are contracted only with reference to the duties prescribed by law that then governed the county judge; and moneys received by him other than those received in his official capacity, if misappropriated, will not render his sureties liable therefor.

It is insisted by appellant's counsel that article 843, Revised Statutes, supports their contention. This article reads as follows. "When any officer collects money belonging to and for the use of any county, he shall, except where otherwise provided in this title, forthwith report the same in writing to the clerk of the county court of the county to which such money belongs, stating fully in such report from whom collected, the amount collected, the time when collected, and by virtue of what authority or process collected."

This article merely prescribes the duty for all officers to perform in reference to moneys collected by virtue of their office, and in no way changes the obligation of sureties in reference to the condition of the bond which they signed. We think it clear that the sureties of Judge Dickerson were only bound for moneys that he might have received in his official capacity; and as the moneys he received from the sale of school lands were not received by him in his official capacity as county judge, nor in the official discharge of his duties as such, the appellees are not liable therefor. Ward v. State, 35 S. W. Rep., 386; Brown v. Sneed, 77 Texas, 476; Heidenheimer v. Brent, 59 Texas, 533; United States v. Singer, 15 Wall., 111; Murfree on Official Bonds, 710-711. There was no error in the court's sustaining the exceptions to the petition, and the judgment is affirmed.

*Affirmed.*