### LINN v. TRAMMELL et al.

(Court of Civil Appeals of Texas. El Paso. March 7, 1912.)

APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS—EFFECT.

Though, in an action by one of two purchasers of a tract of land for false representations as to the acreage of the tract, made to induce the purchase, the court, in its charge, ignored the fact alleged, that there were two purchasers, and instructed that they must find that the representations and warranties were made to the plaintiff, and that he purchased relying thereon, the inaccuracy could not have misled the jury, and will not be ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from Nolan County Court; John J. Ford, Judge.

Action by E. A. Linn against B. A. Trammell and another. From a judgment for defendants, plaintiff appeals. Affirmed.

J. W. McDugald and J. F. Eidson, for appellant. Woodruff & Woodruff, for appellees.

HIGGINS, J. On March 16, 1906, B. A. Trammell and J. L. Sublett, appellees, conveyed by warranty deed to E. A. Linn, appellant, and W. J. Key all of the S. E. ¼ of section 46, in block 22, in Nolan county, which lies north of the Texas & Pacific Railway Company's right of way; the deed re-

citing a consideration of $1,068.75, and that the tract of land so conveyed contained 71¼ acres, more or less. It was subsequently discovered that the tract, in fact, contained 50.1 acres, and thereupon appellant, Linn, filed suit against Trammell and Sublett, alleging that at the time of the purchase of said land the appellees represented to plaintiff and Key that the land had been recently surveyed and contained 71¼ acres, upon which representations they relied; that the sale of the land was at a specified price per acre, to wit, $15, and, appellant having theretofore paid the entire purchase price stipulated in the deed, he was entitled to recover the value of the shortage in the acreage in said land at the rate of $15 per acre, and further alleged that he had acquired all of the rights of the said Key in and to the cause of action. Appellees answered, denying that they had made any representations or guaranty of acreage, and that they sold the tract of land, together with certain personal property, for a lump sum, and that for the land they were to have $1,068.75, and further alleged that appellant, at the time of his purchase, knew that the tract did not contain 71¼ acres. The court charged the jury that, if they believed from the evidence that Trammell and Sublett represented and warranted to plaintiff that the tract contained 71¼ acres, and that plaintiff, Linn, purchased the same, relying on such representations and warranty, and that the same was so purchased by the acre, and for a consideration of $15 per acre, and if they further found that the tract, in fact, contained only 50.1 acres, then they should find for the plaintiff. On the other hand, if they believed that Trammell and Sublett did not sell the tract to plaintiff, Linn, by the acre, and did not warrant and represent to plaintiff that said tract contained 71¼ acres, then they should find in favor of appellees.

The various assignments of error attack the correctness of this charge, because the same, in referring to the original transaction, ignores the fact that Key was one of the purchasers from the appellees; appellant contending that the charge presents a question not raised by the pleadings, and upon which the jury may have based its verdict, in this: That before they could find for the plaintiff the jury must have believed that Linn had bought the land, rather than that Linn and Key had bought it. The language of the charge is inaccurate; but the jury could not possibly have been misled, or their minds diverted thereby from the true issue. The remarks of Judge Finley, in the case of Kent v. Berryman, 15 Tex. Civ. App. 487, 40 S. W. 33, are peculiarly appropriate in this connection, and we quote them as follows: "It is also urged that the court erred in the charge in eliminating the issue of

damages by allowing grass to grow upon the land; the charge of the court using the word 'weeds' and leaving out 'grass.' We think this criticism on the charge is without merit. The allegation was that the defendant had not properly cultivated the land, and it was allowed to become damaged by weeds and grass growing thereon. The charge of the court was, in effect, that if the defendant failed to properly cultivate the land, and allowed it to become damaged by weeds growing upon it, that plaintiff would be entitled to recover such damage. The jury, in considering this issue, would hardly exclude damages accruing by reason of grass growing upon the land, merely for the reason that the court used the term 'weeds' and left out 'grass.' In considering a technical error, such as this, in the charge, it is proper to consider the jury as being composed of men of practical common sense, and a judgment should not be reversed upon a technical error which would have no effect upon such a class of jurors." This quotation fully and completely expresses our view in this case.

The judgment is affirmed.