Holliman v. Carroll.

F. HOLLIMAN AND OTHERS V. ELIZA CARROLL'S ADM'RS.

The sureties on the official bond of a sheriff are liable for a trespass committed by the sheriff in taking, under valid process of execution, the property of a person who was not a party to the writ.

If the sheriff had taken the property without any process, his sureties, it seems, would not be liable.

ERROR from Jasper. Tried below before the Hon. A. W. O. Hicks.

Suit by Eliza Carroll against Fountain Holliman, sheriff of Jasper county, and Z. W. Eddy, J. E. Armstrong and R. C. Doom, his sureties on his official bond. Petition filed August 4, 1854.

In her petition and amended petitions, the plaintiff complained of the defendant Holliman, sheriff as aforesaid, and his said sureties, for that on the first of June, 1854, the defendant Holliman, as such sheriff, with force and arms seized, took, carried away and sold two negro girl slaves of the value of $1800, the property of the plaintiff, and attempted to justify his said trespass by reason of two executions from the District Court of Tyler county in favor of Henry C. Pedigo, one against Catherine A. Martin, and the other against Mary J. Ford, pretending that the said negroes were the property of the defendants in said executions.

The defendants excepted generally to the petition, and pleaded the general issue, &c. The court overruled the exceptions, and instructed the jury, in substance, that if the negroes levied on were the property of the plaintiff and not that of the defendants in the executions, they should find for the plaintiff against all of the defendants.

The jury returned a verdict in favor of the plaintiff and against all of the defendants, for $1000. Judgment accordingly; motion for a new trial made and overruled.

The plaintiff having died pending the suit, her administrator, M. Middleton, became a party in her stead.

*S. M. Hyde* for plaintiffs in error.—The sureties of a sheriff are liable on his official bond, only for acts done *virtute officii*, and not those committed *colore officii*. They are not accountable for a trespass committed by the sheriff in taking property not directed to be taken by process. (The People v. Schuyler, 5 Barbour's Sup. Ct. Rep., 166.)

As to such an act the sheriff has no protection from his process, and it does not change the character of the wrong that he committed it *colore officii*. He stands in the same position as if he had acted without process. (Ib.)

That portion of the condition of the bond which is specified and alleged in the petition to have been broken by the said Holliman, by the commission of the said trespass, is in the following words, viz : "That said Holliman shall well and truly do and perform all the duties required of him by law," &c.

Now these words in the condition of the bond cannot be extended beyond nonfeasance or misfeasance in respect to acts, which by law he is required to perform as sheriff. Here the sureties are sought to be fixed with the consequences of a trespass having no connection with his office any more than an assault without a warrant of arrest. The charge of a trespass assumes that the act could not have been *virtute officii*. It is no more the act of a sheriff, because done *colore officii*, than if he had been destitute of process. No authority is given to the sheriff to commit a trespass, and it cannot be contended that said words, in their natural import, extend to an act done under the mere pretence or color of authority, when there is in fact none. There being no authority, there is no office and nothing official. The seizure of the goods of a stranger to the execution could not then be said to be a trespass and done by the sheriff *virtute officii*, because if a trespass it would not lay in the line of official performance; and to hold the sureties liable in such a case, would be equivalent to saying that the sureties of a sheriff are bound for his general good behavior as a citizen. (Ex parte Reed, 4 Hill, 572.)

The sureties of a sheriff are not liable for a malfeasance of the sheriff unless the act complained of included an omission to perform

some duty imposed by law. (The Governor for the use of Simmons v. Hancock & Harris, 2 Ala., 728.)

A suit on a sheriff's bond can be maintained only for some breach of official duty. (Collin v. Stoddard, 19 Ga., 274.)

A surety is only bound to the strict terms of his contract; his liability cannot be extended by implication. (Field v. Rawlings, 1 Gilman, 581; 18 Johns., 389; 10 Johns., 180.)

The undertaking of a surety being *stricti juris*, he can not in law or equity be bound further than the very terms of the contract; he has the right to stand upon the very terms of his contract. (McGuire v. Wooldridge, 6 Robinson's La. R., p. 47.)

It is a general rule that a sheriff or other officer who executes a writ of attachment, or execution, is bound to take the debtor's goods alone, and that he is guilty of a trespass for taking the goods of a stranger, (Overby et al. v. McGee, 15 Arkansas R., 459,) and that an action of trespass is the remedy at common law in such a case. See Saunders' Pleadings and Evidence, vol. 2, part 2, p. (marg.) 1090 ; 1 Chitty's Pleading, 198, 213.

If an officer would take the goods of A. and in A's possession, upon a writ against B., A. may maintain his possession by force in the same manner as he might against any trespasser who is not an officer. (Commonwealth v. Kennard et al., 8 Pick., 133.)

The officer in such case would be a trespasser, for he does not act under any precept against such owner, nor is he commanded to take his goods. That there is no distinction between an officer who assumes to act under a void precept, and a stranger who should do the same act without any precept. For a command to seize the person or goods of B., is no authority against the person or goods of A.; and an officer without a precept is no officer in the particular case in which he so undertakes to act.

*Moore & Walker*, for the defendant in error.—The only question presented in this case is whether the sureties of a sheriff on his official bond are liable for the official misconduct of the sheriff, as where he seized by virtue of an execution, and sells the property of one not a party to the suit and subject to the seizure.

The defendant in error respectfully submits that the current of

authorities supports the proposition that they are so liable. (The People v. Schuyler, 4 Comstock, 173; Carmack v. Comm., 5 Binney, 184; Skinner v. Phillips, 4 Mass., 68; Forsyth v. Ellis, 4 J. J. Marsh., 299; Comm. v. Stockton, 5 Monr., 192; Brunott v. McKee, 6 Watts & Serg., 513.) We find reference to other cases, which are not accessible. (Archer v. Noble, 3 Greenl., 418; Harrison v. Hanson, 11 Maine, 241.)

Many of the authorities cited on the other side do not reach the question, while two of the cases cited are questioned or overruled by the case of the People v. Schuyler, 4 Comstock, 173. The two cases referred to are Ex parte Reed, 4 Hill, 573, and the People v. Schuyler, 5 Barbour, 166. The doctrine we contend for, is laid down broadly in Crocker on Sheriffs, § 864, p. 342.

We do not deem it necessary to attempt to show that the act complained of was a breach of the condition of his bond, and that the sheriff would be liable, nor that the principles decided in the cases we rely on are applicable to a bond in form like that in this case. The bonds of sheriffs, in their condition, are in general similar in the different states; they attempt to provide generally for the faithful performance of duty (which involves the absence of fraud, deceit or oppression,) rather than by a special designation or stipulation for each particular contingency which might occur in the discharge of his office.

On general demurrer, a cause of action was surely presented if the sureties are liable, under any circumstances, for official misconduct of the sheriff.

WHEELER, C. J.—The only question presented by the record is, whether the sureties of the sheriff, on his official bond, are liable for a trespass committed by the sheriff in taking the goods of the plaintiff, in an attempt to execute valid process issued against the property of another.

Upon this question the authorities are conflicting. In Crocker on Sheriffs, it is laid down that they are liable, and he refers to the case of the People v. Schuyler, decided by the court of appeals of New York. (4 Comstock, 173.) The subject was very fully examined by the court in that case, and the liability of the

sureties maintained upon reasons which apply equally to the terms and conditions of the bond in this case. The case of Carmack v. Commonwealth, (5 Binney, 184,) is also a well considered case, maintaining the same doctrine upon a sheriff's bond, containing substantially the same stipulations as the bond in this case. The same doctrine has been maintained in Kentucky. (Forsyth v. Ellis, 4 J. J. Marsh., 299.) And other concurring authorities are referred to by the court in support of their decisions in the case of The People v. Schuyler, 2 Comstock, 182.

The sheriff received the process in virtue of his office. His sureties undertook that he would " well and truly" execute the process. This he failed to do to the injury of the plaintiff. He was guilty of malfeasance in attempting to perform an official duty; and we think with the court in the case last cited, that upon principle and upon grounds of public policy, the responsibility of his sureties should be different from those they would incur if the sheriff had seized the goods of the plaintiff without any process whatever. In that case, as was said, he would act in his own right and might be resisted as any other wrong doer. In the present, he was put in motion by legal authority invoked in behalf of others, and could compel the power of the county to aid him in its execution. His official character would forbid opposition. We think the weight of authority and principle concur in holding his sureties responsible for his malfeasance. The court below so held, and we are of opinion that the judgment be affirmed.

Judgment affirmed.

MOORE, J., having been of counsel, did not sit in this case.