Barnes vs. Whitaker and another.

RYAN, C. J., took no part.

BARNES vs. WHITAKER and another.

*Liability of sureties on bond of J. P.*

1. The official bond of a justice of the peace bound him and his sureties, jointly and severally, to pay on demand to every person entitled thereto, " all such sums of money as the justice might become liable to pay on account of moneys which might come into his hands *by virtue of his office.*" R. S. 1858, ch. 15, sec. 106. *Held*, that the sureties were not liable for moneys paid to the justice upon an execution sale of notes seized on attachment in suits before him, where the judgments in those suits were *void;* such moneys having come into his hands by a *trespass*, and not " by virtue of his office." *Taylor v. Parker*, 43 Wis., 78, followed.

2. Whether the justice himself is liable upon the facts above stated, is not here considered.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice COLE:

" This is an action upon the statutory bond or instrument required to be given by a justice of the peace before entering upon the duties of his office. In and by the instrument, the justice and his sureties jointly and severally agree to pay on demand, to each and every person who may be entitled thereto, all such sums of money as the justice may be liable to pay on account of moneys which may come into his hands by virtue of his office. There are six distinct causes of action set out in the complaint, and relied upon to show a breach of the condition of this instrument. It appears that several attachment

suits were commenced in August, 1875, before the justice ( *Whitaker* ), by the creditors of William George, in which suits notes in the Rock County National Bank were seized on executions issued by the justice on the several judgments rendered by him in these actions; and the moneys collected on these executions were paid over to the justice in October, 1875. It is alleged that George was indebted to the plaintiff, and, to secure such indebtedness, sold and assigned to the plaintiff his interest in the notes. It does not, however, appear when that assignment was made; whether before or after the commencement of the attachment suits. George did not appear in the attachment suits before the justice, either in person or by attorney. In September, 1875, after the judgments were rendered by the justice, George removed the several causes by *certiorari* to the circuit court for Rock county, which court finally affirmed one judgment, and adjudged the other five void. The ground upon which the circuit court held the judgments void was, that the affidavits for the warrants of attachment were so defective that the justice never acquired jurisdiction. The complaint also fails to show when these adjudications were had in the circuit court, but alleges that a demand was made upon the justice, in March, 1877, for the amounts collected upon the executions issued by him, and paid over, which moneys the justice refused to pay."

A demurrer to the complaint, on the ground, among others, that it failed to state a cause of action, was overruled; and defendants appealed from the order.

For the appellants, there was a brief by *Bennett & Sale*, and oral argument by *Mr. Bennett*.

*J. W. Bates*, for the respondent.

COLE, J. The complaint was demurred to on three grounds, the third being that it failed to state a cause of action. We shall only consider that objection. In support of the demurrer it is insisted by the learned counsel for the defendants, that if the judgments rendered by the justice were void, then

the moneys collected and paid the justice did not come to his hands by virtue of his office, and consequently his sureties are not liable. It is said that the object of giving the instrument set out in the complaint was to secure the payment of moneys collected and paid over to the justice on legal process. The sureties undertake to pay on demand to every person who may be entitled thereto, all such moneys as the justice may be liable to pay on account of funds which may come to his hands *by virtue of his office.* It is moneys which the justice receives officially in his character as justice, for which the sureties are responsible. But the sureties do not undertake to pay money which the justice may obtain in some unlawful manner, as by a mere trespass. And if the justice never acquired jurisdiction in the attachment suits, if his proceedings therein were void, as stated in the complaint, then it follows that the justice committed a trespass, the same as though he had taken or obtained the same amount of money without the issue of any process whatever.

It seems to us this argument is conclusive upon the question we are considering. Because, if the justice never acquired jurisdiction in the attachment suits, and his proceedings therein were void, there is no ground for saying that the money came to his hands by virtue of his office. The case of *Taylor v. Parker*, 43 Wis., 78, is strictly in point, and is decisive of the question. There the sureties in a constable's bond jointly and severally agreed to pay to the persons entitled thereto all such sums of money as the constable might be liable to pay by reason of, or on account of, any process delivered to him for collection, and all moneys which should come into his hands as constable. The constable, by virtue of attachments against one Porter, seized and carried away the plaintiff's property. It was held that the sureties were not liable for the trespass of the constable. The extent of the obligation which the sureties assumed was held to be only for a neglect or failure of the constable to legally do some act which the due execution of his office authorized and required him to perform. The sureties were answerable for nonfeasance or misfeasance in respect

to an official act, and not malfeasance as respects a third party. See *Gerber v. Ackley*, 37 Wis., 43.

We have no occasion to consider, and of course do not decide, whether the justice himself would be liable upon the facts stated in the complaint, in an action of trespass. We only hold that if the justice acted without jurisdiction, and all his proceedings were void, then he was a mere trespasser, and the moneys did not come to his hands by virtue of his office. The counsel for the plaintiff refer to *The State v. Woodman*, 36 Ind., 511, and *Widener v. The State*, 45 id., 244, on the question as to the liability of sureties on bonds given by a justice. We have examined those cases, but find nothing in them in conflict with the views above expressed. In *Widener v. The State*, the justice received a note for collection in his official capacity, collected the same, and appropriated the money to his own use. The sureties on his bond were held liable therefor to the party injured. In *State v. Woodman*, it was held that the complaint did not state a cause of action against the justice and his sureties, for reasons given in the opinion.

If the judgments were valid in the attachment suits, then, as a matter of course, it was the duty of the justice to pay over to the plaintiffs in the attachment suits the moneys which had come to his hands in those actions. In whatever aspect the case is considered, no breach of the instrument is shown in the complaint. It follows that the demurrer should have been sustained.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings.

RYAN, C. J., took no part.