JAMES A. McKEE ET AL. V. PRICE & LUCAS.

(No. 2352.)

APPEAL from Kaufman County.    Opinion by WHITE, P. J.

*(Opinion delivered at Galveston.)*

WRIGHT, WRIGHT & ECKFORD and MARION & HUFF-MASTER, counsel for appellants.

SIMPKINS & SMITH and ALLEN & VESEY, counsel for appellees.

§ 335. *Res adjudicata; merger of causes of action; judgment against principal will not bar suit against sureties on official bond, when; case stated.* Appellees recovered a judgment for damages against James A. McKee, United States marshal for the northern district of Texas, for seizing and selling under attachments a lot of merchandise belonging to them. McKee, after the recovery of said judgment, died insolvent. Appellees then instituted this suit against the sureties upon the official bond of said McKee as marshal aforesaid, and recovered judgment against them for the value of the said property converted by their principal. It is contended by appellants that appellees have no cause of action against them; that they are not liable for the tort of their principal; that, even if they were, the judgment against their principal individually is *res adjudicata* and a bar to this suit. *Held:* The sureties upon the official bond of a sheriff or marshal are liable for a trespass committed by their principal in taking under valid process of execution the property of a person not a party to the writ. [Holliman v. Carroll, 27 Tex. 23; Brandt on Suretyship and Guaranty, § 484.] A recovery against a principal alone, without satisfaction, for a matter which constitutes a breach of his official bond, is not a bar to a subsequent suit against him and his sureties on the bond.

404

Such a recovery does not operate as a merger. But if the judgment be satisfied it is a merger and a bar to a subsequent suit. [Brandt on Sur. and Guar. § 488; Freeman on Judg. § 236; Treasurers v. Sureties of Oswald, 2 Bailey L. (S. C.) 214; Charles v. Haskins, 11 Iowa, 329.]

§ **336.** *Conclusions of judge; exceptions to; rule as to; error, to be reversible, must be material, etc.* The cause was tried by the judge without a jury, and he filed his conclusions of law and fact, to which no exceptions were made, and no exceptions were made to the judgment. *Held:* Where no exceptions are taken to the conclusions of law of the judge or to the judgment, the only inquiry on appeal will be as to whether the pleadings authorized the judgment. [Ins. Co. v. Millikin, 66 Tex. 46.] In this case the pleadings support the judgment for the value of the property, and there is nothing in the record to show that the measure of damage adopted by the court has injured appellants. "An error, to be material, so as to require the reversal of a judgment, must be one that has not been waived, and that is prejudicial to the party complaining." [Johnson v. Blount, 48 Tex. 40.]

January 14, 1888.                          \Affirmed.