A. H. Sneed v. Frank McFatridge et al.

Decided October 13, 1906.

**1.—False Imprisonment—Sheriff—Liability of Sureties.**

The liability of sureties on a sheriff's official bond is limited to his official acts, as distinguished from those in which his official character forms the pretense or color, not the authority. Hence the sureties on a sheriff's official bond are not liable for the arrest and imprisonment of a person by their principal without lawful authority.

**2.—Same—Warrant of Arrest.**

By the provisions of our Code of Criminal Procedure, article 238, a warrant of arrest issued by a magistrate other than a judge of the Supreme Court, Court of Appeals, District or County Court, can not be executed in any other county than the one in which it issues, unless endorsed by one of said judges or by some magistrate of the county in which the accused is found. Hence an arrest

in H. county, by virtue of a warrant of arrest issued by a justice of the peace in and for L. county, and not endorsed as above required, was unlawful, and an extra-official act of the officer making the arrest, for which his sureties would not be liable, but for which the officer himself would be.

### 3.—Same—Venue.

It appearing, from the allegations of plaintiff's petition, that the defendants, a constable of L. county and the sheriff of H. county, acted together in his unlawful arrest and imprisonment, an action for damages could be maintained against both of them in L. county.

### 4.—Unlawful Arrest—Continued Act.

An arrest by virtue of a void warrant is not excused, nor the detention of the prisoner made lawful, by taking him into the territory in which the warrant is effective.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Hale, Allen & Dohoney,* for appellant.—The warrant of arrest shown by the petition, having been issued by a justice of the peace in and for Lamar County, and not having been indorsed as required by law, was void in Harris County, and its attempted execution was illegal; and defendants having arrested and restrained appellant under said warrant, are liable to him for damages resulting from such unlawful arrest and restraint. Texas Code Crim. Proc., arts. 258, 259, 270, 271, 272; Ledbetter v. State, 5 S. W. Rep., 226; Wolf v. Perryman, 82 Texas, 114.

The court erred in sustaining the special exception of the defendants A. R. Anderson, H. Brashear, J. J. Sweeney and Frank Dunn, raising the question of privilege to be sued in the county of their residence, because said petition shows that defendant McFatridge resides in Lamar County, Texas, and that all of the defendants were acting together in the commission of the wrongful acts alleged; and that the illegal restraint alleged in pursuance of such common design, was partly in Lamar and partly in Harris County. Sayles' Texas Civil Statutes, art. 1194, subds. 4, 9.

*Sturgeon & Moore,* for appellees.—The true meaning and intent of plaintiff's petition is that a deputy under appellee, A. R. Anderson, sheriff of Harris County, arrested appellant without warrant or authority of law and caused him to be placed in the jail of Harris County, and there being no positive allegation in said petition that appellee, Anderson, personally participated in such illegal and unauthorized arrest, or advised or instigated such arrest and confinement or had any knowledge thereof, the petition failed to state a cause of action against him. Sayles' Civ. Stat., art. 4697; Maddox v. Hudgeons, 72 S. W. Rep., 415; Goodale v. Douglas, 24 S. W. Rep., 966.

Plaintiff's petition stated no cause of action against the sureties upon the official bond of appellee, Anderson, even though the petition be construed as alleging that Anderson personally had anything to do with the alleged illegal arrest of appellant, for the reason that the allegations of the petition are that such arrest was made without legal authority upon a warrant void on its face in Harris County where the arrest is alleged to have been made. Jones v. Hess, 48 S. W. Rep., 46; Henderson County v.

Richardson, 40 S. W. Rep., 38, and authorities there cited; Heidenheimer v. Brent, 59 Texas, 533; Hamilton v. Ward, 4 Texas, 362, 363; Maddox v. Hudgeons, 72 S. W. Rep., 416, and authorities there cited; McLendon v. State, 92 Tenn., 520.

Plaintiff's petition did not state a cause of action against appellee, Frank McFatridge. Arts. 271, 272, Code Crim. Procedure; Cabel v. Arnold, 86 Texas, 102.

Plaintiff's petition alleging the residence of defendants, Anderson, Brashear, Sweeney and Dunn to be in Harris County, and said petition not showing a joint cause of action against the defendant, McFatridge, and any one of said defendants, the court properly sustained said defendant's special exception raising the question of their legal right to be sued in the county of their residence. Kansas City P. & G. Ry. Co. v. Bermea Land & Lumber Co., 54 S. W. Rep., 324; Beauchamp v. Chester, 86 S. W. Rep., 1055; Bigham v. Talbot, 51 Texas, 453.

The court did not have jurisdiction of the person of the non-resident defendant because of any trespass committed upon the person of the plaintiff in Lamar County, because the allegations of plaintiff's petition affirmatively show that no such trespass was committed by any of the defendants in said county. Lasater v. Waits, 68 S. W. Rep., 500; McRea v. McWilliams, 58 Texas, 328.

TALBOT, ASSOCIATE JUSTICE.—Appellant Sneed brought this suit to recover of A. R. Anderson, sheriff of Harris County, Texas, and the sureties on his official bond, and of Frank McFatridge, as constable of Lamar County, Texas, damages for false imprisonment. All the appellees answered by general demurrer and general denial and A. R. Anderson and his sureties, Sweeney, Brashear and Dunn, in addition thereto, pleaded by special exceptions and in abatement their privilege to be sued in Harris County, where it was alleged they resided. The trial court sustained the general demurrer and special exceptions and appellant declining to amend, the suit was dismissed as to all the appellees and judgment to that effect and for costs entered against appellant, from which he has appealed.

The material allegations of appellant's petition are in substance; that on or about March 15, 1905, appellee, McFatridge, made and filed with A. B. Sims, a justice of the peace of Precinct No. 2, of Lamar County, Texas, a complaint or affidavit charging appellant with the offense of having bet at a game of dice in said precinct and county and not at a private residence; that on the same day the said justice of the peace issued a warrant for the arrest of appellant, directed to the sheriff, or any constable of Lamar County, Texas, which warrant appellee, McFatridge, sent to appellee, Anderson, together with a letter advising said Anderson where to find appellant, and directing and requesting that appellant be arrested and detained until McFatridge could go for him; that appellee Anderson and his deputies received said warrant and on or about May 22, 1905, said Anderson, acting through his deputy, D. W. Thompson, and in pursuance of the request of McFatridge, unlawfully arrested appellant in Harris County, Texas, and carried him in custody to the city of Houston, a distance of about twenty miles, and incarcerated him in the jail of said county. That appellant was restrained of his liberty and

confined in said jail until May 27, 1905, at which time said Anderson, through his deputy, turned appellant, together with said warrant, over to the said McFatridge in Houston, Harris County, Texas. That appellee, McFatridge, continued to restrain appellant of his liberty in said Harris County, and handcuffed him and brought him back to Lamar County in irons and was about to place and imprison him in the county jail at Paris when appellant prevailed upon him to telephone to appellant's friends and relatives at Petty, who made bond for his appearance to answer the charge preferred against him, whereupon he was discharged from custody. It was further alleged that appellee Anderson, through his deputies, in arresting and restraining appellant of his liberty, pretended to act under and by virtue of the warrant issued by the justice of the peace of Lamar County; that said warrant was not indorsed as required by law by any magistrate in Harris County, Texas, nor by any judge of this State so as to authorize its execution out of Lamar County, Texas, and was therefore void in Harris County, Texas. That after appellant's arrest in said Harris County appellee Anderson and his deputies failed and refused to carry appellant to the nearest justice of the peace or to any justice of the peace and failed and refused to give appellant an opportunity to give bond; that if such opportunity had been afforded him he could and would have given a lawful and satisfactory bond entitling him to his release. It was also alleged that the restraint and detention of appellant was without any commitment from any court; that appellee Anderson, after said illegal arrest, confined appellant in said Harris County jail until about May 26, 1905, when he telegraphed to appellee McFatridge advising him of the arrest and confinement; that at the time McFatridge received appellant in Harris County, Texas, from appellee Anderson he knew the said Anderson and his deputies had illegally arrested appellant and were illegally restraining him of his liberty by virtue of the warrant issued by said justice of the peace of Lamar County; and that the said Anderson knew the said McFatridge intended to and and would take appellant back to Lamar County, restraining him of his liberty, and turned him over to McFatridge for that purpose. It was then alleged that appellant, by reason of the acts of appellees, suffered great humiliation, mental anguish, pain, loss of time from his work and caused to incur traveling expenses, all to his damage in the sum of $5,100.

We think the general demurrer was well taken as to Sweeney, Brashear and Dunn, the sureties on appellee Anderson's official bond, but should have been overruled as to Anderson and McFatridge. It is well settled that the liability of sureties on a sheriff's bond is limited to his *official* acts. In treating of this subject Mr. Murfree, in his work on Sheriffs, sec. 46, says: "They (the sureties) are responsible for the manner in which he performs, and for his omissions to perform acts which it is his right and duty to perform by virtue of his office, *virtute officii;* but not for those in which his official character forms the pretense or color, not the authority." It is clear, as disclosed by the allegations of appellant's petition, that the act of appellee Anderson in arresting and detaining appellant, as charged, was not an official act of his, as contemplated by the rule of law stated. Our Code of Criminal Procedure, article 238, provides that "when a warrant of arrest is issued

by a magistrate other than a judge of the Supreme Court, Court of Appeals, District or County Court, it can not be executed in another county than the one in which it issues, unless indorsed by some one of said judges," in which case it can be executed anywhere in the State; or if it be indorsed by some magistrate of the county in which the accused is found, it may be executed in such county. The indorsement may be: "Let this warrant be executed in the county of ———"; or if the indorsement is by one of the judges above mentioned, it may be: "Let this warrant be executed in any county of the State of Texas." It is further provided that any other words expressing the same meaning as the indorsement prescribed will be sufficient, and that the same shall be dated and signed officially by the magistrate making it.

According to the allegations of appellant's petition, which, for the purposes of the demurrer, must be taken as true, the warrant of arrest under and by virtue of which appellant was apprehended and restrained of his liberty, was issued by a justice of the peace of Lamar County, Texas, and not indorsed as required by the statute to which we have referred. This being true, said warrant was absolutely void on its face in Harris County, and clothed the said Anderson with no authority whatever to make said arrest and detain appellant as charged. The alleged acts of Anderson being extra-official and without authority of law, the sureties on his official bond are not liable therefor and can not be made to respond in damages to appellant for the consequences thereof. (Ledbetter v. State, 5 S. W. Rep., 226; Jones v. Hess, 48 S. W. Rep., 46.)

Appellant's petition set up a good cause of action for false imprisonment against appellees Anderson and McFatridge and one upon which a suit could be maintained as to both of said parties in Lamar County. Its allegations are sufficient to show that in the arrest and detention of appellant the appellees, McFatridge and Anderson, were acting together; that if the act of taking appellant into custody was done by Anderson's deputies, the same was done with said Anderson's knowledge and consent and that appellant was afterwards detained and restrained of his liberty by the said Anderson himself; that the warrant upon which the arrest was made was not indorsed as required by the statute above mentioned, so as to authorize its execution outside the limits of Lamar County, and hence, as before said, void on its face in Harris County. It further showed that appellant and the warrant upon which he had been arrested, were turned over to McFatridge in Harris County and appellant by him carried back to Lamar County; that appellee Anderson knew when appellant was delivered to McFatridge, that McFatridge would continue to restrain appellant of his liberty and intended to and would take him back to Lamar County and that he so delivered him into the custody of McFatridge for that purpose. According to these allegations the arrest of appellant and his detention up to the time of his release in Lamar County was without any legal authority, and all persons instrumental in procuring such arrest and participating in such detention were trespassers and liable to an action for false imprisonment. In speaking of the liability of wrongdoers for the acts of each other, our Supreme Court in the case of Wolf v. Perryman,

82 Texas, 112, says: "The general rule is, both in civil and criminal cases, that each is responsible for the acts of the others done in pursuance of the mutual understanding or in furtherance of the common purpose, at least until the termination of the enterprise." In his work on Torts (2d ed.), p. 153, Judge Cooley says: "Where several persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or doing it under circumstances which fairly charge them with intending the consequences which follow, it is a very reasonable and just rule of law which compels each to assume and bear the responsibility of the misconduct of all." If the allegations of the petition are true it is quite clear this case falls within the rules of law above announced, and appellees Anderson and McFatridge are liable for all the injurious consequences to appellant, which resulted from their alleged wrongful acts, and their liability is not limited to acts done in Harris County. Neither can escape liability for the detention of appellant in Lamar County by reason of the official character of McFatridge and the validity of the warrant of arrest in that county. The alleged trespass committed by McFatridge in detaining appellant and taking him back to Lamar County in irons and threatening to place him in jail there was not a separate and independent trespass committed by him outside of and beyond the understanding between him and Anderson, but was, according to the allegations of the petition, a continuance of the wrong and illegal imprisonment begun in Harris County and contemplated, authorized and consented to by Anderson and done in furtherance of the common design of both. Wolf v. Perryman, supra; Mandeville v. Guernsey, 51 Barb., 99, affirmed by the Court of Appeals, 50 N. Y., 669, without a written opinion, is in point. The plaintiff in that case had been indicted in Tioga County, in the State of Pennsylvania for forgery. A valid warrant for his arrest in that State had been issued and placed in the hands of the defendant for execution. The plaintiff was in the State of New York and by defendant arrested there, by virtue of said warrant and carried back to Tioga County, Pennsylvania. In a suit by plaintiff for false imprisonment the trial court was requested by the defendant to charge the jury that in estimating the damages they should not take into consideration the continued imprisonment of plaintiff after he reached the county of Tioga. This charge was refused and on appeal its refusal was assigned as error. The Supreme Court of New York in passing upon the question, said: "The imprisonment in Pennsylvania was a continuance of the wrong which was commenced by the unauthorized seizure and imprisonment in this State. It was not justified by any process which was insufficient to justify the original arrest. A person who has arrested a party without process or on void process wrongfully can not detain him on valid process until he has restored such party to the condition he was in at the time of his arrest, at least to his liberty. The law will not permit him to perpetrate a wrong for the purpose of executing process, nor to use process for the purpose of continuing an imprisonment commenced without authority and by his wrongful act." This principle is also enunciated in the English cases of Hooper v. Lane, 6 H. L. Cas., 443. Egginton's case, 2 Ell. & Bl., 728, is one which meets the approval of this Court, and so far as we are informed,

. is'not contravened by any decision of the courts of this State. The case of Cabell v. Arnold, 86 Texas, 102, cited by counsel for appellees, does not announce a contrary doctrine. In that case it was held, in effect, that where a valid warrant for an arrest was issued and placed in the hands of a United States Marshal, the fact that his deputy *made the arrest within the marshal's district* without having the warrant in his possession did not render the principal civilly liable to the person arrested. In that case neither the sufficiency of the warrant, nor the right to execute it in the county where the arrest was made, was questioned. The contention was that the arrest and detention of the plaintiff until he was placed under the control of the marshal were illegal. Judge Stayton said: "Authority to make the arrest existing, the manner in which that power was exercised ought not to be held ground for civil action, unless therefrom hurt resulted to plaintiff, which would not necessarily have followed, had the exact procedure contemplated by the statute been pursued." Having held that inasmuch as a valid warrant, which might have been legally executed in the county where the arrest was made, was in the hands of the marshal and the arrest by his deputies, although irregular, not illegal because not in possession of such warrant, the court did not decide whether or not, had the arrest been without authority of law, the detention of the plaintiff by the marshal after the plaintiff was placed under his control was unlawful. That question was not involved and not passed upon.

We believe the trial court correctly ruled upon the general demurrer as to the appellees Sweeney, Brashear and Dunn, but erred in sustaining said demurrer and the special exceptions as to appellees Anderson and McFatridge, and as to the former the judgment of the court below is affirmed and as to the latter it is reversed and the cause remanded for trial.

*Affirmed in part and reversed and remanded in part.*

Writ of error refused.