**BAILEY et ux. v. MOSELEY et al.**
**No. 9470.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 12, 1934.

Rehearings Denied Jan. 9, 1935.

Todd & Todd, of Corpus Christi, for plaintiffs in error.

Denman, Franklin & Denman, of San Antonio, Perkins & Floyd, of Alice, and Gus L. Kowalski and E. H. Crenshaw, Jr., both of Kingsville, for defendants in error.

SMITH, Justice.

This action was brought by Fred W. Bailey and his wife against W. T. Moseley, sheriff of Kleberg county, and certain individuals as sureties on his official bond. It was alleged by the Baileys, as cause, that the sheriff invaded their place of business while intoxicated, and cursed and physically assaulted them, to their great mental, physical, and financial injury. The Baileys prayed for both actual and exemplary damages against both principal and sureties. The court directed a verdict in favor of the sureties, and upon a jury finding in favor of plaintiffs for $1,000 exemplary damages, but for no actual damages, the trial court rendered judgment that the Baileys recover nothing from the defendants, nor either of them. The Baileys have appealed. The parties will be designated as plaintiffs and defendants, as in the court below.

In their trial petition plaintiffs alleged, in substance, that they complain of the defendants "for the illegal, unlawful, wrongful, wicked, wanton and grossly negligent acts, conduct and cruelties, outrages and excesses and trespasses committed by the" sheriff "in his official capacity as sheriff," and with the knowledge and consent and ratification of the sureties. Plaintiffs further alleged that on the occasion in question the sheriff invaded their café and adjacent living quarters, while in a partial state of intoxication, ostensibly looking for a Mexican fugitive, and for witnesses wanted in a criminal case, and "demanded to search the premises and the living quarters," while cursing the plaintiffs in vile language, telling them he was the sheriff and did not have or need a search warrant, and exhibiting his pistol; that the sheriff thereupon choked and pushed plaintiff Fred Bailey out of the way and searched the premises, and then left; that the sheriff soon returned, and again forcibly and violently searched the premises and cursed and abused plaintiffs and their family, "all done without search warrant, and without authority in law, or excuse or justification whatever, and over the earnest protests of plaintiffs, and while upon alleged official business as sheriff, he, the defendant Moseley, sheriff, again departed, loudly cursing and swearing, and using vile epithets as he went, all done and said in the presence and hearing of plaintiffs and many friends and customers"; that the sheriff again returned to plaintiffs' place and again invaded the living quarters, "without search warrant or any authority," and again assaulted and abused plaintiffs and searched the place, and that "all of such outrages and trespasses, assaults and batteries and invasions of their premises and their home were then and there done without any warrant or right or authority whatever, and while the defendant was angry and partially drunk, but well-knowing at all times all that he did, and while he was acting in his official capacity as sheriff of Kleberg County"; that as a result of said outrages committed by the sheriff, "in his official capacity as Sheriff of Kleberg County," plaintiffs each sustained $10,000 actual and $10,000 exemplary damages, for which they prayed judgment against the sheriff and the sureties on his official bond.

The rule is well established in this state that, in order to recover of the sureties upon the official bond of a sheriff, for trespass committed by him, the burden rests upon the claimant to both allege and prove that the acts complained of were done under and by virtue of lawful process or authority; not for acts done under pretense or color of authority, but only for acts done in the performance of a duty legally imposed upon him by virtue of his office. Heidenheimer v. Brent, 59 Tex. 533; Holliman v. Carroll's Adm'rs, 27 Tex. 23, 84 Am. Dec. 606; Brent v. Hohorst, 1 White & W. Civ. Cas. Ct. App.

§ 343; Maddox v. Hudgeons, 31 Tex. Civ. App. 291, 72 S. W. 414 (writ ref.); Jones v. Hess (Tex. Civ. App.) 48 S. W. 46; Sneed v. Mc-Fathridge, 43 Tex. Civ. App. 592, 97 S. W. 113 (wr. ref.); Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 463, 468. In the case last cited it is said:

"Now, as to the liability of Campbell's sureties on his official bond for the false imprisonment of plaintiff: For all defaults of a public officer within the limit of what the law authorizes or enjoins upon him, as such officer, the sureties on his official bond are liable; but they are not bound for acts which are not done in his official capacity. As is said: 'The authorities recognize a principle or rule by which the acts of the sheriff, for which his sureties may be held liable, can be distinguished from those acts for which they will not ·be held liable. The former are termed acts done "virtute officii," and the latter "colore officii." The distinction is this: Acts done "virtute officii" are when they are within the authority of the officer, but when doing it he exercises that authority improperly, or abuses the confidence·which the law reposes in him; whilst acts done "colore officii" are where they are of such nature the office gives him no authority to do them.' Leger v. Warren, 62 Ohio St. 500, 57 N. E. 506, 51 L. R. A. 193, 222, 78 Am. St. Rep. 738. Under this principle, it is held in this state that,·to charge the sureties on a sheriff's bond, the act complained of must not only be such as might be rightfully done by the sheriff as such, but was actually done by him as sheriff under a claim of right to do it in. his official capacity."

■ Applying the foregoing rule to their own pleadings, it is obvious that plaintiffs have not only failed .to allege a case of liability against the sureties on the sheriff's official bond, by alleging that the officer was acting within his authority, or upon an authorized errand, but have affirmatively negatived· such liability, by express allegations that in doing the things complained of by plaintiffs the sheriff acted "without any search warrant, or right or authority whatever." In this situation it was the duty of the trial court to sustain a general demurrer to plaintiffs' petition, or, failing in that, to direct a verdict for defendant sureties, as was done. We hold, further, that, aside from the absence of pleading, there was no evidence to bring the case within the requisite rule, and for that reason as well the court properly directed a verdict for defendant sureties. We overrule plaintiffs' first, second, and third propositions.

■ Under appropriate definitions and instructions from the trial judge, the jury found the sheriff guilty of assault, assault and battery, and aggravated assault upon, and false imprisonment of, plaintiffs, but further found that plaintiffs did not sustain any actual damages from the officer's conduct. In complaining of the finding of no actual damage, plaintiffs assert that the verdict was received, rejected, revised under oral communications from the trial judge, and as revised was accepted, and the jury discharged, in the absence of·counsel for plaintiffs, and in violation of a prior agreement between counsel and the court that the verdict would not be received until counsel were notified in, time to be present. If these transactions occurred as plaintiffs contend, and the facts thereof had been properly presented on this appeal, they would require reversal of the judgment, as to the sheriff. These matters, however, are set out only in plaintiffs' verified motion for new trial, and are not otherwise shown in the record. If there was misconduct on the part of judge or jury, the facts thereof should have been presented here by bills of. exception or other authentic means available to good practice. These recitals of such facts in a motion for new trial, even though the motion be verified by affidavit, are insufficient to invoke review on appeal. Accordingly, we overrule plaintiffs' sixth, seventh, eighth, and ninth propositions.

■ Under appropriate instructions and definitions, the jury found that the sheriff committed "an assault or assault and battery," and an aggravated assault upon plaintiffs, and that he falsely imprisoned them; that as a result of said acts of the sheriff the plaintiffs "suffered physical pain, or mental pain and anguish"; that plaintiff Mrs. Bailey "was caused to be sick, or to suffer nervous shock or fright" from said acts; that on said occasions the sheriff "was under the partial influence of intoxicating liquor." But the jury further found that the plaintiffs suffered "not any" actual damages as a proximate result of the sheriff's acts. Plaintiffs assail the latter finding as in conflict, not only with all the evidence, but with the other findings of the misconduct of the sheriff, and of the actual physical and mental pain and anguish suffered by plaintiffs as a proximate result of that misconduct. This court has concluded, after careful consideration and review of the whole record, that the trial court should have set aside the verdict and ordered a mistrial upon plaintiffs' .motion therefor. The findings of the jury which were supported by ample testimony showed that the plaintiffs

did sustain actual damages, and the contrary finding of the jury thereon should not be given effect. This is emphasized by the findings of the jury upon issues of exemplary damages and the award of $1,000 upon those findings. We sustain plaintiffs' fourth and fifth propositions.

The judgment of the trial court in favor of the sureties upon the sheriff's official bond will be affirmed, but in all other respects the judgment will be reversed and the cause remanded for another trial. The costs of appeal will be assessed against the sheriff.

Affirmed in part; in part reversed and remanded.