## REPUBLIC UNDERWRITERS v. NORMAN.

### No. 3425.

Court of Civil Appeals of Texas. El Paso.

Nov. 5, 1936.

Rehearing Denied Nov. 19, 1936.

Wynne & Wynne, of Wills Point, and Darden & Burleson, of Waco, for appellant.

Preston Calvert, of Grand Saline, for appellee.

WALTHALL, Justice.

Appellee, J. G. Norman, brought this suit against Percy Carnes, a constable of Van Zandt county, and appellant, Republic Underwriters, a corporation, surety on Carnes official bond as constable, for damages for an alleged unlawful arrest of appellee by Carnes, on the charge of the offense of drunkenness, and placing appellee in jail and keeping him confined therein for several hours before releasing him, during which appellee and his relatives offered to make bond, which was refused.

Carnes answered by general demurrer and general denial.

Appellant, Republic Underwriters, answered by general demurrer, general denial, and specially answered that the constable, Carnes, did not make said arrest of appellee in his official capacity as constable, and that in making said arrest Carnes was not engaged in the performance of an official act as constable, and that in making said arrest he was not acting under authority conferred on him by law as constable, and for reasons stated appellant was not responsible for the acts of Constable Carnes complained of.

The jury found plaintiff was not drunk at the time and place of his arrest. It was further found Carnes did not believe in good faith that plaintiff was drunk at the time.

Appellant submits that such arrest by the constable was not an official act of the constable for which appellant could be held accountable in damages as surety on the constable's official bond, and appellant timely assigned error to the overruling of its motion for an instructed verdict.

The specific point made by appellant is that the uncontroverted evidence shows that the constable made the arrest of appellee without a warrant for his arrest.

Article 212 of the Code of Criminal Procedure, of this state, provides that a peace officer or any other person may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an offense against the public peace. Certainly drunkenness is not classed as a felony.

Drunkenness alone and not connected wth any disturbance of any kind, and when it is not alleged or shown that the person charged with drunkenness got drunk or was found in a state of intoxication in any public place, or at any private house except his own, is not classed as a disturbance or an offense against the public peace, under title 9, Offenses Against the Public Peace, of the Penal Code (article 439 et seq., as amended [Vernon's Ann.P.C. art. 439 et seq.]). We have found no case holding that "drunkenness" disconnected from any other fact, condition, or circumstance is an offense against the public peace. 4 Tex. Jur. p. 741 et seq.

The constable was not authorized, under the findings stated above, to make the arrest of appellee without a warrant for his arrest. His action in so doing must be regarded as his personal action, and the sureties on the constable's official bond, therefore, are not liable for any damages to appellee he may have sustained by reason of such arrest. Gold v. Campbell, 54 Tex.Civ.App. 269, 117 S.W. 463; Sneed v. McFathridge, 43 Tex.Civ. App. 592, 97 S.W. 113; Brown v. Wallis, 100 Tex. 546, 101 S.W. 1070, 12 L.R.A. (N.S.) 1019. Other damages complained of resulting from the wrongful arrest, such as placing appellee in confinement, humiliation, etc., are elements to be considered by the jury in connection with the arrest, as pleaded, and not as a separate independent cause of action, or as grounds for exemplary damages growing out of the arrest.

The case is reversed and here rendered as to appellant surety, and affirmed as to Percy Carnes, who has not appealed from the judgment of the trial court.

Reversed and rendered in part and affirmed in part.