## CONTINENTAL CASUALTY CO. v. MILLER.
### No. 2177.

Court of Civil Appeals of Texas. Waco.
Jan. 4, 1940.

502

Boone, Henderson, Boone & Davis, of Corpus Christi, for appellant.

Jas. G. Cook, of Sinton, and Jules J. Delambre, Jr., of Houston, for appellee.

ALEXANDER, Justice.

This suit was brought by Stephen Miller, a minor fourteen years of age, by his father as next friend, against George Reader, a constable of San Patricio county, and Continental Casualty Company, the surety on said constable's official bond, for damages for the alleged unlawful arrest and imprisonment of the plaintiff. A trial before a jury resulted in judgment for the plaintiff against both defendants for the sum of $100. The Surety Company alone appealed.

[1] On the occasion in question the constable went to the boy's house, and, without a warrant, arrested the boy for investigation with reference to his connection with a misdemeanor which the boy was suspected of having committed the previous day. The boy was taken to Aransas Pass and placed in a calaboose over night and then carried to Sinton and placed in jail with adult prisoners, where he so remained for about two days before being released. The first material question to be determined is whether or not the constable had authority to make the arrest under the circumstances without a warrant. A peace officer, other than a municipal police, is not authorized to make an arrest without a warrant except in the case of a felony or breach of peace committed in his presence or in the presence of a magistrate, or when a felony has been committed and the offender is about to escape. Code of Criminal Procedure, Arts. 212–215; 4 Tex.Jur. 743. The fact that the person arrested or attempted to be arrested is a minor within the juvenile age does not alter the case. He has the same right to be secure in his person from all unreasonable seizures as is guaranteed by the Constitution, Art. 1, sec. 9, Vernon's Ann.St. as does an adult person. While Art. 1088 of the Code of Criminal Procedure provides that "when any male child under seventeen years of age * * * is arrested on any charge, with or without warrant, such child instead of being taken before a justice of the peace or any police court, shall be taken directly before the county or district court * * *," this does not confer on peace officers any extraordinary authority to arrest children without warrants. Articles 216 and 217 of the Code of Criminal Procedure contain similar provisions with reference to the arrest of defendants generally, and yet it would hardly be contended that these last articles conferred any extraordinary authority on peace officers to make arrests. These articles of the Code of Criminal Procedure, Arts. 216, 217 and 1088, are merely intended to provide for the course to be pursued by the officers when an arrest has been otherwise lawfully made without a warrant. They are not intended to broaden the field for the allowance of an arrest without a warrant. It is not contended that the case for which the plaintiff was apprehended by the constable otherwise comes within any exception to the rule that requires the issuance of a warrant in order to authorize the arrest. We therefore hold that the constable was not authorized to arrest the plaintiff as he did, although he was a juvenile, without a warrant.

[2] The rule is well established in this state that in order to recover of the sureties upon the official bond of a sheriff or constable for a trespass committed by him, it must be shown that the act was done in the performance of a duty legally imposed upon him by virtue of his office. Such sureties are not liable for such trespasses committed without warrant or authority. 38 Tex.Jur. 492; Bailey v. Moseley, Tex.Civ. App., 77 S.W.2d 603; Republic Underwriters v. Norman, Tex.Civ.App., 97 S.W. 2d 976; Gold v. Campbell, 54 Tex.Civ.App. 269, 117 S.W. 463; Sneed v. McFatridge, 43 Tex.Civ.App. 592, 97 S.W. 113; Maddox v. Hudgeons, 31 Tex.Civ.App. 291, 72 S.W. 414; Heidenheimer Bros. v. Brent, 59 Tex. 533; Holliman v. Carroll's Adm'rs, 27 Tex. 23, 84 Am.Dec. 606.

Since the surety on the constable's bond was not liable for the trespass in question, the judgment of the trial court in favor of the plaintiff against the surety company was erroneous. Such judgment is here reversed and judgment here rendered that the plaintiff take nothing as against the Continental Casualty Company. The judgment of the trial court in all other respects is affirmed.