**S. O. WORKMAN, Appellant,**

**v.**

**Hugh FREEMAN, Appellee.**

No. 6491.

Court of Civil Appeals of Texas.

Amarillo.

April 25, 1955.

Rehearing Denied May 31, 1955.

G. A. Paquin, Muleshoe, for appellant.

Morehead, Sharp & Boyd, Plainview, for appellee.

PITTS, Chief Justice.

This concerns an appeal from a trial court order sustaining special exceptions and dismissing an alleged action against appellee, Hugh Freeman, Sheriff of Bailey County, Texas, filed by appellant, S. O. Workman, claiming damages by reason of certain alleged acts of two of the sheriff's deputies committed against appellant. In his second amended original petition, appellant alleged in effect that while he was driving his automobile one night on a street within the city limits of Muleshoe, the county seat of Bailey County, about 9:30 or 10:00 o'clock, he was ordered to stop by Joe MacWagnon, who was acting in his official capacity as a deputy sheriff under the authority of Hugh Freeman in the performance of what he believed to be an official duty of investigating appellant to determine whether or not appellant was drunk or under the influence of intoxicating liquor; that appellant

stopped his automobile and got out in compliance with the order of the said officer but refused to stand on one foot at the request of the officer in order to determine whether or not appellant was under the influence of intoxicating liquor, whereupon MacWagnon made a personal attack upon appellant, tore the sleeve from his shirt and threatened to shoot appellant, by reason of which acts appellant was damaged as a result of humiliation and loss of reputation in addition to the damages done to his shirt; that MacWagnon sent for another officer, Garland Freeman, who was another deputy sheriff under appellee, Hugh Freeman, to help him; that Garland Freeman appeared and without warning struck appellant on the head with a blunt instrument of some kind, causing injuries; that Garland Freeman further struck appellant about his head, face, shoulders and body with the same blunt instrument while appellant was offering no resistance but begging the said Freeman not to strike him; that Garland Freeman's personal violence was committed upon appellant in an attempt to assist Joe MacWagnon in performing what they thought to be a lawful duty and in an attempt to make what the said deputy sheriffs believed to be a lawful arrest; that they did subsequently arrest appellant and place him in jail, which jail was under the control of Sheriff Hugh Freeman, who was aware of the presence of the appellant in the jail; that Garland Freeman's acts of assault upon appellant were committed in an attempt to perform what he believed to be a lawful duty of investigating appellant, which acts damaged appellant by reason of injuries received, together with humiliation, shame and loss or diminishing of reputation. Upon such allegations, appellant sought recovery of total damages in the sum of $16,930 jointly and severally against Sheriff Hugh Freeman and his two named deputies.

Appellee, Sheriff Hugh Freeman, answered separately and individually with numerous special exceptions subject to which he denied appellant's allegations. Appellee excepted on the alleged grounds, in effect, that appellant had failed to allege any act on the part of appellee which would constitute or give rise to any cause of action against appellee; that no act was alleged against the two deputies which would constitute or give rise to a cause of action against appellee or make him liable in damages either personally or as sheriff of Bailey County; that appellant has failed to allege any acts committed by either deputy sheriff to substantiate his alleged conclusions to the effect that the deputies were by implication performing an official duty, attempting to perform an official duty or believed they were performing an official duty and failed to allege sufficient facts to apprise appellee as to whether or not he based his alleged cause of action upon an alleged illegal arrest made by the sheriff's deputies or upon a mistreatment of appellant by them after he had been legally arrested by them; that appellant alleged his conclusions to the effect that the deputies were acting in what they believed to be an official capacity but on the contrary his further allegations negative the pleader's conclusions; that appellant's allegations are so vague, uncertain and indefinite that appellee is not given fair notice of the claims made but there is no allegation sufficient to bind the appellee herein for damages in any event; that appellant has not pleaded any facts showing in what manner, if any, he has been damaged but has pleaded only his conclusions. Appellee further excepted to appellant's pleadings on other grounds but we believe those stated are sufficient to determine the issues here presented.

The trial court had previously heard and sustained appellee's exceptions to appellant's former pleadings and appellant had again sought to allege a cause of action in his second amended petition. A second hearing was held by the trial court for the purpose of hearing and considering the last amended pleadings of the parties. As a result of such second hearing, appellee's exceptions to appellant's second amended original petition were sustained and the cause was dismissed as to Hugh Freeman only, after no further showing was made that appellant could further amend his

pleading in such a manner as to assert a cause of action against appellee, Hugh Freeman.

Appellant has perfected an appeal charging that the trial court erred in sustaining appellee's exceptions and dismissing the action as against Hugh Freeman.

■ Article 6870, Vernon's Ann.Civ.St., provides that a sheriff shall be responsible for the official actions of his deputies, but it is well settled in this State that a sheriff is not responsible for unofficial and unauthorized acts of his deputies. Sheppard v. Gill, Tex.Civ.App., 58 S.W.2d 168, affirmed Tex.Com.App., 90 S.W.2d 563, and other authorities there cited. In that case, the court held that a general demurrer should have been sustained since the sheriff had nothing to do with the arrest and imprisonment of the complaining party but that such was done by his deputies without the knowledge, authority or ratification of the sheriff and without alleging any lawful authority to make the arrest. In the case at bar, appellant's petition does not attempt to allege that a warrant of arrest had been issued for appellant or that the arrest in question was made under one or more of the circumstances authorizing an arrest without a warrant. Appellant has alleged at most that the two deputies were attempting to perform what they believed to be a lawful duty of investigating appellant to determine whether or not he was under the influence of intoxicating liquor. He further alleged in effect that without any provocation whatever each of the deputies assaulted him and one of them continued to assault him in spite of his plea that such not be done. According to appellant's pleadings, he was not under arrest when he was assaulted but it is alleged that appellant was subsequently arrested by the two deputies. It is not alleged that Sheriff Hugh Freeman was present when appellant was assaulted or when he learned about the alleged acts of his two deputies. It was alleged that appellant was subsequently arrested and thereafter confined in the jail over which Sheriff Hugh Freeman

had control and that Hugh Freeman was aware of appellant's presence in the jail but there is no allegation that Sheriff Hugh Freeman helped arrest appellant, helped to place him in jail or that he knew about the circumstances at any time prior to the filing of this suit. Then certainly there are no allegations directly or indirectly that Sheriff Hugh Freeman participated in, acquiesced in, authorized, ratified or approved of the alleged acts of his two deputies on the occasion in question.

■ In the recent case of Taylor v. Stanford, Tex.Civ.App., 229 S.W.2d 427, 429, the court said in part with approval:

"In 38 Tex.Jur., page 452, it is said that: 'Where the liability of the superior for the act of his subordinate arises (if at all) only in tort, it is an essential ingredient of such liability that the superior officer authorized, participated in, or ratified the individual act of his subordinate.' "

Numerous authorities are cited in that case which, when applied here, determine the issues here presented contrary to appellant's contentions. It is there held that a sheriff's liabilities extended to "official acts" only of his deputies and not to unauthorized and unofficial acts among which is classed an arrest and false imprisonment by a deputy who acted without a lawful warrant or other legal authority, as is shown by appellant's pleadings to be the situation in the case at bar.

■ Under the record presented and the authorities cited, it is our opinion that the trial court properly sustained appellee's exceptions to appellant's second amended original petition and was justified in dismissing the action against Hugh Freeman only. The trial court's actions are also supported by the following authorities: Continental Casualty Co. v. Miller, Tex. Civ.App., 135 S.W.2d 501; Republic Underwriters v. Norman, Tex.Civ.App., 97 S.W.2d 976; Bailey v. Moseley, Tex.Civ. App., 77 S.W.2d 603; Brown v. Wallis,

Tex.Civ.App., 101 S.W. 1068 and 100 Tex. 546, 101 S.W. 1070, 12 L.R.A.,N.S., 1019; Maddox v. Hudgeons, 31 Tex.Civ.App. 291, 72 S.W. 414.

For the reasons stated, appellant's points of error are overruled and the judgment of the trial court is affirmed.