### LUCIAN LA ROSE ET AL. v. THE STATE.
#### *No. 3585.   Decided November 22.*

**1.  Practice—Bail Bond.**—A sheriff is authorized to take and approve a bail bond in vacation or after the adjournment of court for the term.

**2.  Same—Bigamy.**—If the offense for which the accused is bailed be one defined by statute the bond is sufficiently descriptive of it if it describes it merely by its general name.  If the offense is one not defined by statute, then the bond, to be sufficient, must describe it by stating its essential elements.  Bigamy is an offense *eo nomine*, expressly defined by the Code, and a bail bond describing it merely as "bigamy" would be sufficient.

**3.  Same.**—The elements of the statutory crime of bigamy are, first, that the former wife or husband of the accused is living; second, the accused's marriage of another *in this State*.   An unlawful marriage in another State would be adulterous but not bigamous in this State.   The bond in this case describes the offense as follows:   *   *   *

"Lucian La Rose stands lawfully charged by indictment filed in the District Court of Ellis County on the ——— day of ———, 1889, with the offense of ——— on the 6th day of November, 1888, unlawfully marrying Lilla Prince, he, the said Lucian La Rose, then and there having a wife living." *Held*, that as to the second essential element of the offense the descriptive averment of the bond is insufficient and void, in that it does not allege an unlawful marriage *in this State*.

APPEAL from the District Court of Ellis.      Tried below before Hon. Anson Rainey.

The opinion sufficiently discloses the case.      The amount of the bond and judgment was $500.

M. B. *Templeton*, for appellant.

W. L. *Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—La Rose was indicted in the District Court of Ellis County for bigamy. The term of court at which he was indicted adjourned on the 26th day of April, 1889. Watt, the sheriff of said county, swears that on the day of and after the adjournment of the court he approved the bail bond of the defendant. A sheriff can take and approve a bail bond in vacation or after adjournment of the term. Code Crim. Proc., art. 305. The court was not in session when the bond was approved. Gragg v. The State, 18 Texas Ct. App., 295; Carroll v. The State, 6 Texas Ct. App., 463; Ake v. The State, 4 Texas Ct. App., 126. There is no evidence that the bond was signed and executed before the court adjourned and before it was approved by the sheriff. Holt v. The State, 20 Texas Ct. App., 271; Faubion v. The State, 21 Texas Ct. App., 494. The circumstances of the case do not warrant such presumption.

It is from the judgment final forfeiting said bail bond that this appeal is taken, and the contention is that said bond was and is wholly insufficient as a bail bond for bigamy; and that the bond being insufficient, a judgment upon it is unauthorized and void and can not be permitted to stand. The bond is in the ordinary form and contains most of the statutory requisites. It does not describe the offense as "bigamy," which was all the description of the crime essential or necessary to be given, since "bigamy" is an offense *eo nomine*, and expressly defined by our Code. Instead of describing the offense by its statutory name the offense is described in said bond as follows, viz.: "Lucian La Rose stands lawfully charged by indictment filed in the District Court of Ellis County on the ——— day of ———, 1889, with the offense of ——— on the 6th day of November, 1888, unlawfully marrying Lilla Prince, he, the said Lucian La Rose, then and there having a wife living."

The third requisite of a bail bond enumerated by statute is that "the

offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State." Code Crim. Proc., art. 288, subdiv. 3.

Where the offense is defined by statute the general name is sufficiently descriptive of it. If it is not so defined, then it must be described by stating its essential elements. Willson's Crim. Stats., secs. 1800, 1794.

"Bigamy" is defined by our Code as follows, viz.: "If any person who has a former wife or husband living shall marry another in this State, such person shall be punished," etc. Penal Code, art. 324. The elements of this statutory crime are, first, that the former wife or husband is living; second, the marriage of another *in this State.*

It is contended that both of these elements are wanting in the description in the bail bond as above set out. If it be conceded that the first element is made sufficiently to appear by the terms "he, the said Lucian La Rose, then and there having a wife then living," still that the second is wholly wanting is, we think, manifest. There is absolutely no statement that he married Lilla Prince "in this State." It would not be bigamy under our statute for one having a lawful wife living to marry another out of this State. Such a marriage under our law would be adulterous but not bigamous. The second—the unlawful—marriage must have taken place "in this State." The bail bond being wholly wanting in this essential element of the crime of bigamy was insufficient, because it did not distinctly name the offense of which defendant was accused. It was therefore void, and would not and does not support the judgment final which has been rendered upon it. The judgment is therefore reversed and set aside, and because the bond is wholly defective and void, the prosecution is dismissed.

*Reversed and dismissed.*

Hurt, J., absent.