R. J. BROWN v. J. S. WALLIS.

No. 1661. Decided May 8, 1907.

**Sheriff—Deputy—Arrest—Official Capacity.**

Facts presented in certified question considered and held to disclose no evidence that a deputy sheriff who shot plaintiff while he was attempting to escape a search for concealed weapons was acting under warrant, or in an attempt to arrest for felony, or for a breach of peace committed in presence of the officer, or otherwise performing such official act as would render the sheriff liable for his wrong. King v. Brown, 100 Texas, 109, distinguished. (P. 548.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

*Freeman & Batsell* and *Wolfe, Hare & Maxey,* for appellant.—Guaranty against unreasonable seizure and searches. Const. Tex., art. 1, sec. 9; Shields v. State, 16 So. 87. A sheriff is responsible only for the official acts of his deputy. Maddox v. Hudgeons, 72 S. W. Rep., 414; Hamilton v. Ward, 4 Texas, 356; Galey v. Greenwood, 28 Texas, 680; Thomas v. Browder, 33 Texas, 784; Heidenheimer v. Brents, 59 Texas, 533; Holliman v. Carroll, 27 Texas, 23; Morris v. Kasling, 79 Texas, 142; Cortez v. State, 69 S. W. Rep., 540; Montgomery v. State, 65 S. W. Rep., 540; Russell v. State, 37 Texas Crim. App., 317; Lacy v. State, 7 Texas Crim. App., 413; Alford v. State, 8 Texas Crim. App., 561; Pickett v. State, 25 S. E. Rep., 609; Williams v. State, 28 S. E. Rep., 629; Grumon v. Raymond, 6 Am. Dec., 203; Barnes v. Whitaker, 45 Wis., 204; State v. Wade, 40 Atl. Rep., 104, 40 L. R. A., 628; Garber v. Arkley, 37 Wis., 43; McLendon v. State, 21 L. R. A., 739; Chandler v. Rutherford, 101 Fed. Rep., 774.

*W. T. Allen, R. E. Taylor, J. T. Montgomery* and *Barwise & Huff,* for appellee.—The trial court did not err in overruling the appellant's demurrer to the evidence. Harwood v. Blythe, 32 Texas, 804; Hollimon v. Griffin, 37 Texas, 453; Galveston, H. & S. A. Ry. v. Templeton, 87 Texas, 46; Woldert Gro. Co. v. Veltmann, 11 Texas Ct. Rep., 417; Eberstadt v. State of Texas, 92 Texas, 94; Black on Judgments, sec. 712.

Since the law requires all peace officers to arrest any person who commits a felony or breach of the peace in the presence or within the view of such officer, or commits the offense of carrying a pistol on or about his person within the knowledge of such officer, it becomes the duty of the peace officer to decide and determine whether such an offense has been committed within his presence or within his view; an arrest by him in pursuance of such determination is an official act. Code Crim. Proc., arts. 44, 247, 248, 250, 251; Penal Code, arts. 338, 339, 342; Rev. Stats., arts. 4896, 4897; Luck v. Zapp, 1 Texas Civ. App., 530; Goodale v. Douglas, 5 Texas Civ. App., 697; Moore v. Lindsay, 71 S. W. Rep., 298; Hays v. Creary, 60 Texas, 445; Clark v. Winn, 46 S. W. Rep., 915; Wolf v. Perryman, 82 Texas, 120; West v. Cabell, 153 U. S., 87; Knowlton v. Bartlett, 1 Pick., 273; Johnson v. Williams, 54 L. R. A., 220; Stephenson v. Sinclair, 14 Texas Civ. App., 133.

It will always be presumed that in any official act, or act purporting to be official, the officer has not exceeded his authority; and if he had power to act only in a certain contingency, it will be presumed that the contingency has happened where there is no evidence on either side with respect thereto. Throop on Public Offices, sec. 558; Mandeville v. Reynolds, 68 N. Y., 528; Smith v. Wilcox, 24 N. Y., 354; Connelley v. American Bonding Co., 69 S. W. Rep., 961.

Appellants' failure to disprove, or attempt to disprove, that they were acting in an official rather than a personal capacity, is, when considered with the other testimony, quite conclusive that these deputies were acting in such official capacity. 1 Starkie on Evidence, 54; Kirby v. Tallmadge, 160 U. S., 383; McDonough v. O'Niel, 113 Mass., 92.

BROWN, Associate Justice.—Certified question from the Court of Civil Appeals for the Second Supreme Judicial District, as follows:

"In an opinion filed November 24, 1906, the judgment in this case was reversed and the cause remanded for a new trial. A motion for rehearing is now pending, in which we are requested to certify the question involved to Your Honors for decision, and this request we deem it advisable to grant.

"We can not better state the question than to quote from the opinion above referred to, a copy of which will be transmitted with this certificate, as follows: "This is a companion case to that of King v. Brown, reported in 93 S. W. Rep., 1017, and 94 S. W. Rep., 328; but, while both suits arose out of the same unfortunate transaction, the trial of this case took a different course, and the issue is presented to us in a somewhat different form. In King v. Brown the case was fully developed, but on the trial of this case no testimony was offered in behalf of appellant, and the substance of what was offered by appellee, as to what transpired at the time he was injured, is thus stated in his brief:

" 'The testimony of the appellee shows that he and a number of other persons, on the night of December 23, 1904, went to a box supper at Friendship Church, in Clay County, Texas, and that, after the congregation was dismissed, he and a number of other persons started down the road south from the church-house, and that immediately after leaving the church, and while going south to the place where he was shot and injured, some of these parties near whom he was riding were discharging pistols, or firearms of some kind that sounded like pistols; that they were traveling along a public road, and passed at least two private residences near the road before they reached the place of the difficulty; that, after they had gone about a mile down the road, the defendants, Cozart and Allen, commanded the appellee and those with whom he was traveling to halt, and commenced searching them for pistols; that the defendant Allen told the appellee and the other parties that that shooting had to stop; that it had gone far enough, and that they were going to stop it; that the defendant Cozart told appellee to get down off of his horse and be searched, and that appellee refused to alight from his horse, and told Cozart he could search him without his getting off his horse; that the defendant then told the appellee that he must get down off of the horse and be searched—that that was the law;

and upon the appellee refusing to do so, Cozart struck the appellee with his gun. Appellee's horse whirled, and appellee started to run, and Cozart then shot him in the back with a shotgun after he had run about twenty steps.'

"To this evidence appellant first demurred, and then requested the court to instruct the jury to return a verdict in his favor, but the court not only overruled the demurrer and refused the instruction, but instructed a verdict against him. The question to be determined, then, is, Did the evidence conduce, or tend to prove, that Cozart and Allen, whom appellant, the sheriff of Clay County, had appointed his deputies, were acting in an official capacity when they undertook to arrest and search appellee? That is, did it tend to prove that they had a warrant authorizing them to arrest him, or some other person, or that he or some other person had committed a felony, or an offense against the public peace in their presence?"

We answer that there is no evidence that Cozart and Allen had a warrant authorizing them to arrest anyone, nor do the facts, as certified by the court, tend to prove that J. S. Wallis, or any other person, had committed a felony or an offense against the public peace in the presence of Cozart and Allen, or either of them.

This court will confine itself to the facts certified in the statement accompanying the question, and, looking to that statement, we find that the evidence does not prove at what point the firing of the pistol or pistols occurred. It does not appear that it was within the hearing, or within sight of, Cozart and Allen, or that they were able to discern the persons who did the firing, or the young men who were acting together.

The evidence does not show that Cozart and Allen were acting in their official capacity at the time that they arrested Wallis and the other young men. They had no warrant, and there is no proof of any purpose on their part to enforce the law against offenders who had violated it within their view or presence.

The facts in this case are very different from those presented to us in the case of King v. Brown, 100 Texas, 109. The case, as presented, is not brought within the rule there laid down.