SAM HORTON V. THE STATE.

No. 10426. Delivered February 9, 1927.

**1.—Possessing Intoxicating Liquor—Evidence—Search Without Warrant—Inadmissible.**

Where appellant's premises were searched, antecedent to the date that Art. 727a C. C. P. 1925 became effective, evidence secured by such search was improperly admitted on his trial, which was had after said statute became effective. This court has held in several cases that the statutes mentioned were applicable to facts available to the accused at the time of his trial, though the offense was charged to have been committed at an earlier date. See Odenthal v. State, No. 9967; Sherow v. State, No. 9927, not yet reported, and other cases cited in this opinion.

**2.—Same—Evidence—Held Insufficient.**

There being no evidence against the appellant, except that obtained

by means of the illegal search without a warrant, and that having been received over his objection, the judgment is not supported by the evidence, and must be reversed.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor, for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*F. M. Scott* and *H. T. Lyttleton* of Marshall, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The entire evidence in the case comes from two peace officers who searched the premises of the appellant, occupied by him, consisting of a grocery store and garage about six or eight feet apart.

The conviction rests upon the testimony of the officers showing the result of the search.   This testimony was introduced over the objection of the appellant to the effect that, in the absence of a search warrant, testimony to what was found upon the search was rendered inadmissible by Art. 727a, C. C. P., 1925, declaring that testimony acquired through an illegal search shall not be admitted; and by Art. 4a, C. C. P., 1925, in which a search for intoxicating liquor in the building occupied by the appellant was rendered unlawful.

The learned trial judge, over the appellant's objection, sanctioned the introduction of the testimony upon the ground that the offense having taken place at a time antecedent to the date on which the statutes mentioned became effective, the objection was not available to the appellant, although at the time of his trial the statutes in question had become operative.   This court has held in several cases that the statutes mentioned were applicable to facts available to the accused at the time of his trial, though the offense was charged to have been committed at an earlier date.   See Odenthal v. State, No. 9967; Sherow v. State, No. 9927, not yet reported; Askew v. State, 127 S. W. 1037; Mrous v. State, 21 S. W. 764; Hopt v. Utah, 110 U. S. 574; Ruling Case Law, Vol. 25, p. 791, sec. 38; Underhill's Crim. Ev., 3rd Ed., sec. 11; Hallett v. North Carolina, 181 U. S. 594.

Under the law of this state, the officers having searched the appellant's house without a search warrant and without his consent were forbidden, against the appellant's objection made on the trial, to give testimony against him of the result of the search in which whiskey was found upon his premises. There being no evidence against the appellant except that which was obtained by means of the illegal search mentioned, and that having been received over his objection, the judgment must be reversed. It is so ordered.    *Reversed and remanded.*