### GRAVES v. BUZBEE et al.
### No. 925.

Court of Civil Appeals of Texas. Eastland.
Jan. 8, 1932.

Hamner & Ponder, of Sweetwater, S. D. Stennis, of Pampa, and R. E. Seagler and K. W. Gilmore, both of Houston, for appellant.

Cunningham & Oliver, of Abilene, for appellees.

LESLIE, J.

This is an appeal from the trial court's order overruling the plea of privilege of E. S. Graves, sheriff and resident of Gray county. The plaintiff's controverting affidavit laid venue in Nolan county, by virtue of exception 4 to the general venue statute, article 1995, R. S. 1925, which exception provides that, where there are two or more defendants residing in different counties, suit may be brought in any county where one of the defendants resides.

The main suit is one by John Buzbee against the Humble Oil & Refining Company, a corporation, with domicile in Harris county, Tex., E. S. Graves, sheriff and resident of Gray county, and J. D. Lambert, sheriff of and resident of Nolan county. The cause of action alleged is one embracing (1) malicious prosecution, (2) libel and slander, and (3) false imprisonment. By very full allegations, the plaintiff's injuries were primarily charged to the activities of the Humble Oil & Refining Company, through its agent Hamer, in that through him malicious prosecution proceedings were instituted against the plaintiff in Gray county, Tex., and through the acts of said company and its agent, as well as by the aid and co-operation of the other defendants, Graves and Lambert, the plaintiff was arrested on such charge without a warrant by the sheriff Lambert in Sweetwater, Nolan county, Tex., and there subjected to false imprisonment. The libel and slander phase of the charge arose from the alleged dissemination by said company through its agent, of false charges and accusations against the plaintiff, who, after being arrested in the manner indicated and falsely imprisoned, was discharged without indictment from the custody of the law.

The oil company filed no plea of privilege, but presented its answer subject to the action of the court in Graves' plea of privilege to be sued in Gray-county, the county of his residence.

■ The defendants are sued as joint tortfeasors, and it was optional with the plaintiff to pursue all jointly, or one or more of them. McBeath v. Campbell et al. (Tex. Com. App.) 12 S.W.(2d) 118; 26 R. C. L., p. 763, par. 13.

■ There is no testimony in the record connecting the defendant Lambert with the institution of the malicious prosecution, and the venue of such a cause of action alone would necessarily have been in Gray county where it is alleged such charge was instigated and instituted by the defendants (other than Lambert), and where the defendant Graves resides. Article 1995, R. S. 1925, exception 9; Raleigh v. Cook, 60 Tex. 438; Warwick v. First State Bank of Temple (Tex. Civ. App.) 296 S. W. 348.

Neither does the testimony connect said Lambert with the charge of libel and slander.

■ Before the plaintiff Buzbee would be authorized to institute and prosecute this suit as against the defendant Graves in Nolan county, Tex., he must have a bona fide cause of action against Lambert, the resident defendant, as well as Graves, and such cause of action must be a joint one, or such cause of action against Lambert must grow out of the same transaction and be so intimately connected with the cause of action against Graves that the two defendants should be joined under the rule intended to avoid a multiplicity of suits. This is but an application to the facts of this case of the rule as laid down in the opinion in Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747. Following this authority and others to the same effect, this court, employing somewhat different language, stated the rule in Oakland Motor Car Co. v. Jones, 29 S.W.(2d) 861, 865, as follows: "The rule has therefore become well established, as to this exception [4], that the plaintiff must both allege and prove the

facts showing a bona fide cause of action against the resident defendant, which is of such a nature as that an out-county defendant claiming his privilege to be sued elsewhere is properly joined in the same suit."

In Spencer et al. v. Presbyterian Board, etc. (Tex. Civ. App.) 36 S.W.(2d) 606, 608, the rule was applied and stated in substance the same, as follows: "In such cases coming under subdivision 4, art. 1995, R. S., the burden is upon the plaintiff to allege and prove a cause of action against the resident defendant, and its nature is such that the out-county defendants are either necessary or proper parties. T. P. Moor & Co. v. American Indemnity Co. (Tex. Civ. App.) 280 S. W. 342."

Other authorities stating and applying the same rule are: Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; First National Bank of Bowie v. Bulls (Tex. Civ. App.) 243 S. W. 577; Dallas Ry. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Thompson v. Trentham (Tex. Civ. App.) 17 S.W.(2d) 130; San Angelo Cotton Oil Co. v. Houston County Oil Mill & Mfg. Co. (Tex. Civ. App.) 185 S. W. 887; Citizens' State Bank of Toyah v. Goodman (Tex. Civ. App.) 239 S. W. 231.

■ Having disposed of any claim of venue in Nolan county on the ground of libel and slander or malicious prosecution, it remains to determine whether the venue as against Graves may be retained there on the charge of false imprisonment of the plaintiff alleged to have taken place in said county. Applying the foregoing rule to the facts of the case, and after a careful consideration of the testimony offered on the trial, this court is of opinion that there is no evidence of the charge that Sheriff Lambert is guilty of any act of false imprisonment against the plaintiff in Sweetwater, Nolan county, Tex.

Incorporated in the statement of facts is an agreement between counsel for plaintiff and defendant Graves that there was a lawful warrant issued and a lawful complaint charging plaintiff with the passing of a forged instrument in Gray county, and that the deputy sheriff under Sheriff Graves had it when he came to Sweetwater after the plaintiff. That warrant, when issued, was immediately placed in the hands of said Sheriff E. S. Graves.

The testimony further discloses that the plaintiff was arrested in Sweetwater, Nolan county, Tex., by John Parks, deputy sheriff under defendant Lambert. Accompanying said Parks when the arrest was made was John Read, who testified: "I was present when the plaintiff was arrested by Mr. Parks. That happened * * * in the south part * * * of Sweetwater, Nolan county, Texas. * * * If Mr. Parks had any warrant or any telegram * * * he did not show it to me. * * * John Parks had charge of him.

* * * He told him that he had a warrant for his arrest from Gray County, but Mr. Buzbee did not ask to see it nor did Mr. Buzbee resist being arrested * * * he came willingly. * * * We told him that the warrant charged him with forgery from Gray County."

The plaintiff Buzbee testified in response to a question by Parks inquiring for plaintiff. He said: "I told him I guessed I was the fellow he was looking for and he told me that he wanted me down in town, that the sheriff had phoned in there for him. * * * He did not tell me what sheriff, no, and I says, 'Well, I guess that means that I am under arrest', and he says, 'Yes, under arrest.' * * * I asked Mr. Parks what I was arrested for and he said he did not know. He did not say as to what authority he was arresting me on or whether he had a warrant or not; I did not ask him. I just came to town with him. * * * I did not talk to the defendant Lambert anything about it, no, just to Parks. * * * That was on Friday night and I was in jail here until Monday morning."

In response to questions whether he requested Sheriff Lambert and his deputy to carry him before a magistrate and afford him an opportunity to make bond, the plaintiff testified: "I did not testify then that I asked Mr. Parks or Mr. Lambert or anybody else to carry me before the justice of the peace, no, and I don't mean to insinuate that now, and all I did testify to and all I say now is that my brother and Clyde Sears came up and told John Parks that they wanted to make bond. I never asked to be carried before any justice of the peace or to or to be let out on bond. * * * I asked Mr. Pipes (Graves' deputy) if he had a warrant and he said he did. He showed me a piece of paper, I did not know what it was; he just pulled it out of his pocket and said 'there it is' and stuck it back in his pocket. I did not ask to read it nor did I look at it to see what it was."

Evidently the plaintiff had been arrested pursuant to instructions contained in a telegram sent from the sheriff of Gray county to the sheriff of Nolan county, and acted upon by the deputy, John Parks. The telegram is not in the statement of facts. For aught the record shows, the telegram may have been sent under the authority of article 225, C. C. P. 1925, providing that warrants of arrest may be transmitted from one county to another by telegraph. The foregoing is, in substance, the testimony relied on to establish against Lambert the charge of false imprisonment. We think it fails to establish the essential fact of arrest and detention without legal warrant or other lawful authority, and therefore fails to establish, to the extent of a prima facie case at least, the charge of false imprisonment at the hands of Lambert, the resident defendant.

■ The conclusion that the testimony made out no such cause of action as against Lambert is aided by the presumption that Parks, the deputy sheriff, a public official, did his duty and made the arrest under the circumstances warranted by law. Presley v. Ft. Worth & D. C. Ry. Co. (Tex. Civ. App.) 145 S. W. 669; 25 C. J., p. 540, note 22; 22 C. J., p. 130, § 69, p. 140, note 49.

■ If we be mistaken in the view that the evidence discloses no cause of action against Lambert on the grounds above stated, and that the plea should have been sustained for that reason, then there is an additional ground requiring the plea of privilege to be sustained. It is in this: There is no testimony showing that the sheriff, Lambert, had anything whatever to do with the arrest and false imprisonment of Buzbee in Sweetwater, Nolan county, Tex. The whole transaction, so far as the record shows, was handled by his deputy, John Parks. The sheriff, Lambert, testified at the hearing, and his testimony is stated in seven lines of the statement of facts. After stating that he was the sheriff of Nolan county at the time of the arrest, he testified: "I do not remember whether I was present when the plaintiff here, John Buzbee, was delivered to Mr. Pipes (deputy sheriff of Gray County) or not. I cannot recall that. I do not think so. That was all through Mr. Parks and old man John Read, yes, and I did not have anything to do with that matter."

■ If Sheriff Lambert did not know and participate in the unlawful arrest and false imprisonment of the plaintiff, there would be no liability on his part, although his deputy Parks made the arrest without warrant or other lawful authority. Article 6870, R. C. S. 1925, provides that: "Sheriffs shall be responsible for the official acts of their deputies." From this it is seen that a sheriff's liability extends to "official acts" only of his deputy, and not to unauthorized and unofficial acts among which is classed an arrest and false imprisonment by a deputy who acts without a lawful warrant or other legal authority. Brown v. Wallis, 100 Tex. 546, 101 S. W. 1070, 12 L. R. A. (N. S.) 1019; McBeath v. Campbell et al. (Tex. Com. App.) 12 S.W. (2d) 118; Maddox v. Hudgeons, 31 Tex. Civ. App. 291, 72 S. W. 414.

In both respects, as above discussed, the plaintiff clearly failed to discharge the burden showing the essential facts necessary under the well-known rule to retain the venue of the cause in Nolan county. He failed to make the prima facie proof of liability of Lambert, the resident defendant. Richardson v. D. S. Cage Co., Coalson v. Holmes, World Co. v. Dow, Duffy v. Cole Petroleum Co., Dallas Ry. Co. v. Kimberly, supra.

■ In the application of the rule stated to the facts disclosed by the testimony in this case, and in reaching the foregoing conclusion, we do so in full recognition of the rule that, in the trial of the issues arising out of the contest of a plea of privilege, it is not necessary for the plaintiff to introduce all of his testimony, and develop his case as fully as he would on final trial on the merits. Harrison et al. v. Amador, et al. (Tex. Civ. App.) 9 S.W.(2d) 279; Miller v. Flynn et ux. (Tex. Civ. App.) 279 S. W. 879; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402; First National Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Kelly v. Britton (Tex. Civ. App.) 240 S. W. 1114.

The case before us is one in which plaintiff's testimony makes no case whatever against the resident defendant, and, for the reasons assigned, the plea of privilege should have been sustained.

The appellant presents two other assignments to the effect that the trial court erred in refusing to sustain the plea of privilege, in that the controverting affidavit was not under oath; the substance of the contention being, in brief, that the plaintiff affiant swore to the same merely as believing the statements of the controverting affidavit to be true, rather than positively stating the same to be true as facts. This court is inclined to the view that the affidavit, properly construed, states in positive terms the truthfulness of the facts set up in the controverting affidavit. But we find it unnecessary to pass upon the point definitely, since the appeal must be disposed of on what is considered undoubted grounds.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded, with instructions to the trial court to transfer the same to the district court of Gray county, Tex.