### SHEPPARD v. GILL et al.

No. 8999.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1933.

Rehearing Denied March 15, 1933.

Kennedy Smith, of Edinburg, and Cunningham & Rabel, of Harlingen, for appellant.

Strickland, Ewers & Wilkins, of Mission, Bryce Ferguson and Brown & Bader, all of Edinburg, D. W. Glasscock, of Mercedes, and Rogers Kelley, of Edinburg, for appellees.

MURRAY, Justice.

In this case W. H. Sheppard, appellant, complains of the trial court's action in sustaining some seventeen special exceptions to appellant's petition, and the dismissing of his cause of action, upon his refusal to amend.

The facts set out in plaintiff's trial pleadings are substantially as follows:

That T. C. (Tom) Gill is sheriff of Hidalgo county, Tex. That Mack Galbraith and J. A. Adams were his deputies. That the Standard Accident Insurance Company of Detroit, Mich., was surety on T. C. Gill's official bond. That R. D. Combs is justice of the peace, precinct No. 6, Hidalgo county. That J. V. Dickinson is city marshal of the city of Edinburg, in Hidalgo county, Tex.

That plaintiff has not violated any criminal law of Texas. That he was arrested and placed in jail by Deputies Galbraith and Adams and City Marshal Dickinson (acting with others) on the 7th day of September, 1931. That just prior to said arrest (quoting from the petition) "defendants had secured from the defendant R. D. Combs, Justice of the Peace as aforesaid, a search warrant, empowering and directing them to search the residence of one Mrs. Esther Griffin within the City of Edinburg, that the said defendants Dickinson, Adams and Galbraith secured the said search warrant from said Combs by representing to him that the peace of the community was being disturbed in and about said residence and that the prohibition laws were being violated within said residence." That said officers searched said residence, arrested persons found in said house, and arrested plaintiff, who had driven up to the front of said house and at the time was not disturbing the peace, violating the prohibition laws or any other law.

That said arrest occurred about 9 o'clock p. m. of said day. That he was questioned concerning from whom twelve bottles of beer had been purchased. That he explained to said defendants that he knew nothing of said twelve bottles of beer. That he was then taken and placed in jail in the city of Edinburg. That about 2 a. m. of the same night he was brought before Combs, justice of the peace, and asked to plead guilty to some unnamed offense, and upon his refusal he was ordered by Combs to be carried back "to his cell," which was done. That at 4 o'clock a. m. of the same morning he was again brought out and commanded to plead guilty to some misdemeanor, and upon his refusal "secured his release from said Combs and from the other defendants and from said jail by executing a bail bond signed by himself and secured by his watch, which said defendants compelled him to leave as security for his appearance before said Justice of the Peace on the 21st day of September, 1931."

That after his release from jail he went to Kansas City, Mo., and upon his return "he was forced to employ an attorney to defend him against the wrongful charges and accusations of the defendants, the exact nature of which he had never been by any person informed."

That on September 21st, when he appeared with his attorney, a complaint was filed with Combs, justice of the peace, alleging that plaintiff "did then and there unlawfully commit vagrancy, to-wit, by association with immoral persons." That on the same day the complaint was dismissed and plaintiff discharged. That before plaintiff left the courtroom defendant Adams inquired of plaintiff's counsel if he intended to file a damage suit, and, upon not being given a satisfactory answer, in vengeance filed a complaint charging plaintiff with disturbing the peace, and again arrested him. That he was acquitted of this charge the next day. That by reason of his false arrest and imprisonment he was damaged in the sum stated.

The plaintiff also has alternative pleas setting up malicious prosecution as a result

170

of the last charge against him of disturbing the peace.

From a judgment dismissing his case, appellant has appealed.

At the outset, we find that appellees T. C. (Tom) Gill and Standard Accident Insurance Company have filed a cross-assignment of error, to wit: "The court erred in overruling the general demurrer of the appellees Gill and Standard Accident Insurance Company."

We are of the opinion that this cross-assignment of error is well taken. The petition shows on its face that the sheriff, T. C. Gill, did not arrest appellant or imprison him, but that same was done by his deputies Galbraith and Adams. It does not attempt to allege that Gill knew anything about this arrest before it was done or ratified the conduct of his deputies. Article 6870, R. C. S. 1925, provides that a sheriff is responsible for the official acts of his deputies, and it is well settled in this state that the sheriff is not responsible for the unofficial and unauthorized acts of his deputies. In the recent case of Graves v. Buzbee (Tex. Civ. App.) 45 S.W.(2d) 392, it is held that the sheriff is not liable for his deputies' unauthorized and unofficial acts, such as arrest and imprisonment without legal authority. Numerous cases are cited in the opinion.

The petition in this case does not attempt to allege that a warrant of arrest was issued for appellant or that the arrest was made under one of the circumstances authorizing arrest without warrant.

The petition does allege that a search warrant to search the residence of one Mrs. Esther Griffin was issued. "That the said defendant Dickinson, Adams and Galbraith secured the said search warrant from said Combs by representing to him that the peace of the community was being disturbed in and about said residence and that the prohibition laws were being violated within said residence." There is no law that would authorize the issuance of a search warrant because the peace was being disturbed in and about a residence.

Article 691, Penal Code 1925, provides, among other things, that "no warrant shall be issued to search a private dwelling occupied as such * * * unless the affidavits of two credible persons show that such residence is a place where intoxicating liquor is sold," etc. The petition does not attempt to show that said search warrant was issued upon the affidavit of two credible persons, but rather suggests that it was issued upon an oral representation that the prohibition laws were being violated. The requirements of a valid search warrant have been definitely set forth by the decisions of this state. It has been held that there must be a sworn written complaint setting forth the existence of one of the grounds on which a search warrant may issue; that said written affidavit must be either based on actual knowledge, or, if made upon information and belief, the information must be set forth in the affidavit, and that, when the warrant is to search a private residence, it must be signed by at least two credible persons. Manly v. State (Tex. Cr. App.) 48 S.W.(2d) 256, and authorities there cited; Const. U. S. Amend 4; Const. Tex. art. 1, § 9; Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095; Odenthal v. State, 106 Tex. Cr. R. 1, 290 S. W. 743; Horton v. State, 106 Tex. Cr. R. 144, 291 S. W. 224; Odom v. State (Tex. Cr. App.) 50 S.W.(2d) 1103; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Code Cr. Proc. 1925, art. 727a (as amended by Acts 1929, 2d Called Sess., c. 45, § 1 [Vernon's Ann. C. C. P. art. 727a]).

From the above decisions it will be seen that the allegations in appellant's petition describe an invalid search warrant. It is further apparent from the petition that appellees had secured said search warrant and knew of the circumstances of its issuance. Therefore they were charged with knowledge that it was an invalid search warrant, and Sheriff Gill would not be responsible for a search made by his deputies under an invalid search warrant where said deputies were charged with knowledge at the time that the search warrant was invalid.

On the other hand, if said search warrant had been a valid warrant, it would not make the arrest of appellant an official act of the deputies, for the reason that the petition does not attempt to allege that the search warrant directed the arrest of appellant.

We are of the opinion that the allegations of the petition do not show that Sheriff Gill authorized or ratified the acts of his deputies in arresting appellant. The allegations do not show that the deputies were acting officially when they made the arrest. It therefore follows that Sheriff Gill was not responsible for the unofficial and unauthorized acts of his deputy, and that the general demurrer of Sheriff Gill and the insurance company should have been sustained as to them by the trial court. Maddox v. Hudgeons, 31 Tex. Civ. App. 291, 72 S. W. 414; Brown v. Wallis, 100 Tex. 546, 101 S. W. 1070, 1071, 12 L. R. A. (N. S.) 1019; King v. Brown, 100 Tex. 109, 94 S. W. 328; McBeath v. Campbell (Tex. Com. App.) 12 S.W.(2d) 118; Graves v. Buzbee (Tex. Civ. App.) 45 S.W.(2d) 392.

It is contended by appellees that there is a misjoinder of causes of action in this case. We are inclined to agree with that

contention. It is our opinion that the original arrest of appellant, in front of Mrs. Griffin's residence, and his second arrest in the courtroom two weeks later, are sufficiently disconnected to not constitute one continuous transaction. The first arrest occurred on September 7th; appellant was released about 4 a. m. on the following morning, upon signing a bond and leaving his watch with the justice of the peace. There was no complaint filed against appellant at this time. A bond without sureties is a nullity under our statutes. C. C. P. art. 273, subd. 4, requires that a bail bond be signed by sureties. Article 277, C. C. P., provides that one surety shall be sufficient, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound, but our statutes nowhere provide for a bond signed only by a principal, and, as a bail bond is strictly a statutory bond, it must contain all the requisites prescribed by the statute. Wallen v. State, 18 Tex. App. 414; Turner v. State, 14 Tex. App. 168; Washington v. State, 31 Tex. Cr. R. 84, 19 S. W. 900; Douglass v. State, 26 Tex. App. 248, 9 S. W. 733; LaRose v. State, 29 Tex. App. 215, 15 S. W. 33.

Appellant was required to leave his watch as security. There is no provision in our statutes for a cash bond or a bond secured by personal property, and it therefore occurs to us that appellant was not under any legal obligation to return on September 21. However, it may have been proper for him to treat the bond as legal and return for trial on September 21. When he did return on that day, a complaint was lodged against him for the first time charging him with vagrancy. Afterwards, on the same day, said charge was dismissed by the county attorney and the appellant freed. This certainly ended his false imprisonment. Afterwards the appellee Adams filed a complaint against appellant charging him with disturbing the peace, on which a warrant of arrest was issued and appellant arrested by Adams. There is no allegation that any one participated in this last proceeding but Adams. If this last complaint was maliciously made without probable cause, this last proceeding would constitute malicious prosecution, for which only Adams is shown to be responsible.

If the trial court had sustained the general demurrer of Sheriff Gill and the insurance company, appellant would have, no doubt, pursued a very different course than that pursued by him in this case. That appellant may have an opportunity to file such amended pleadings as he may deem proper after the sustaining of the general demurrer of appellees Gill and the insurance company, the judgment of the trial court is reversed, and the cause remanded.

## On Motion for Rehearing.

■ Appellant contends in his motion for a rehearing that in passing upon the general demurrer we should have looked not only to the petition but also to the answer, and, if we had done so, we would have found a copy of the affidavit and search warrant attached to the answer of the defendants Galbraith, Adams, Combs, and Dickinson. We do not disagree with the contention that we should have also referred to the answer.

■ The affidavit and search warrant so attached removes all doubt as to whether or not the warrant was legally issued. The affidavit, on its face, is not sufficient to warrant the issuing of a search warrant. The affidavit is made upon the information and belief of the officers, and no attempt is made to set out in the affidavit what that information was. The case of Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095, is directly in point, holding that such an affidavit is insufficient to support the issuance of a search warrant, and that, where a search warrant is issued upon such an affidavit, the warrant is void, and any search made under it is an illegal search such as is prohibited by U. S. Constitution, Amend. 4, Texas Constitution, art. 1, § 9.

The motion for a rehearing is overruled.