

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 21, 1984

Honorable H. Tati Santiesteban
Chairman
Senate Natural Resources Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-261

Re:    Whether costs may be
retained from remitted bail
bonds

Dear Senator Santiesteban:

You first inquire whether a county treasurer has authority to retain costs from a bond that is returned to a bondsman pursuant to article 2372p-3, section 13(c), V.T.C.S. Section 13(c) of article 2372p-3 provides that

> [t]he surety on appearance bonds in criminal cases shall be absolved of liability upon disposition of the case, and disposition as used herein shall mean a dismissal, acquittal, or finding of guilty on the charges made the basis of the bond.

Thus, the question before us relates to the recovery of costs in criminal cases from remittiturs to bondsmen where there is no forfeiture of the bond. We conclude that, on the disposition of a criminal case, the surety who secures the defendant's appearance is absolved of liability and is entitled to a remittitur of the entire amount of an unforfeited bond.

A bail bond is strictly a statutory bond. See Sheppard v. Gill, 58 S.W.2d 168 (Tex. Civ. App. - San Antonio 1933), aff'd, 90 S.W.2d 563 (Tex. 1936). Chapters 17, 22, and 44 of the Code of Criminal Procedure provide for the release on bond of a defendant pending trial or appeal of a conviction and for forfeiture of the bail of a defendant who fails to appear as specified by a bail bond. A defendant may furnish the security for a bail bond either by the deposit of cash or by the signatures of bondsmen who serve as sureties on his bond. Article 2372p-3, V.T.C.S., regulates such bondsmen and the business of executing bail bonds.

Sections 13(a) and 13(b) of article 2372p-3 provide for a remittitur to a bondsman of a portion of the total amount of the

appearance bond in certain instances involving the forfeiture of the bond. See also Code Crim. Proc. art. 22.16. Article 17.08 of the Code of Criminal Procedure, which lists the requisites of a bail bond, provides in subdivision 6 that a bond shall be conditioned on the defendant's and surety's paying all necessary and reasonable expenses incurred by sheriffs and other peace officers in rearresting a defendant who violates the provisions of his bond and that such expense is in addition to the principal amount specified in the bond. We are not aware, however, of statutory authorization which empowers a county treasurer to retain costs from the remittitur of a bail bond on the disposition of a case where the defendant complies with the obligation to appear and no bond forfeiture occurs.

The dominant consideration in construing a statute is the intent of the legislature. Calvert v. Texas Pipe Line Co., 517 S.W.2d 777 (Tex. 1974). Generally, the intent and meaning of a statute is discerned primarily from the language of the statute. City of Sherman v. Public Utility Commission of Texas, 643 S.W.2d 681 (Tex. 1983). Unambiguous statutory language will be enforced as written. Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974).

The clear and unambiguous language of section 13(c) specifies that the end of a bondsman's liability on a bond occurs on the disposition of the case by dismissal, acquittal, or a finding of guilty on the charges that are the basis of the bond. The statute provides that, at that point, the bondsman is "absolved" of liability. "Absolve," as a legal term, means "to set free, or release, as from obligation, debt, or responsibility." Black's Law Dictionary 9 (5th ed. 1979). The language of section 13(c) does not suggest that the legislature intended that the bondsman remain partially liable following the disposition of the case and receive only a partial remittitur on a bond due to a deduction for costs.

Further, statutory and case law specify that the purpose of bail is to secure the appearance of a defendant before the proper court to answer charges against him. See Code Crim. Proc. arts. 17.01, 17.02, 17.08; V.T.C.S. art. 2372p-3, §§1, 2(5). The court of criminal appeals repeatedly has reiterated that the primary objective of an appearance bond is to secure the presence of the defendant in court at his trial or if his conviction is subsequently affirmed. See Swinnea v. State, 614 S.W.2d 453 (Tex. Crim. App. 1981); Ex parte Vance, 608 S.W.2d 681 (Tex. Crim. App. 1980); Ex parte Sandoval, 576 S.W.2d 634 (Tex. Crim. App. 1979). The court of criminal appeals has further stated that bail is not primarily a revenue measure intended to be a substitution for a fine, but it is intended to secure the trial of the defendant rather than "to turn securities or those of his bondsman into a penalty." See Trammell v. State, 529 S.W.2d 528 (Tex. Crim. App. 1975); McConathy v. State, 528 S.W.2d 594 (Tex. Crim. App. 1975).

Your second question inquires whether a trial court has authority to tax costs against a surety when the surety is absolved of liability pursuant to article 2372p-3, section 13(c). Based on the language of the same statutes and cases by which we answer your first question, we conclude that the legislature has not authorized the trial courts to tax costs against a bondsman absolved of further liability as provided by section 13(c).

Additionally, other provisions of the Code of Criminal Procedure provide for the taxing of costs in criminal cases. Arts. 42.15, 42.16. Numerous provisions enumerate specific fees to be taxed against or paid by a defendant on conviction. See Code Crim. Proc. arts. 53.01, 53.04, 53.05, 53.06, 1018, 1061, 1075, 1079, 1083.

The legislature expressly provided that costs be taxed against the defendant on conviction. A surety is not a party to the defendant's criminal charge. It is our opinion that if the legislature had intended that costs be taxed against the surety or be withheld from the surety's remittitur on disposal of the criminal charge, the legislature would have expressly so provided. We conclude that, when a surety is absolved of liability under article 2372p-3, section 13(c), neither a county treasurer nor a trial court is authorized to withhold costs from a remittitur on a bond or to tax the costs against the surety, respectively.

## S U M M A R Y

A county treasurer is not authorized to deduct costs from a bond returned to a bondsman pursuant to article 2372p-3, section 13(c), V.T.C.S. A trial court is not authorized to tax costs against a bondsman when the bondsman is absolved of liability pursuant to article 2372p-3, section 13(c).

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood